The Fidelity and Casualty Company of New York, Appellant,
*v.* Vincenza Marendino, Respondent.

The Fidelity and Casualty Company of New York, Appellant,
*v.* Pietra Mannino Picone, Respondent.

Second Department, June 16, 1922.

Judgments — confession of judgment to secure plaintiff against liability on bail bond for appearance of third person in Magistrate's Court — third person appeared and was discharged on ground that he had already been indicted — third person failed to appear in County Court and plaintiff paid amount of bond given for his appearance there and entered judgment on confession — confession limited to appearance in Magistrate's Court — judgment void and will be vacated though application not made within one year as required by Civil Practice Act, § 521.

The defendants executed a confession of judgment for the purpose of securing the plaintiff against a contingent liability which might arise out of the execution of a bail bond for the appearance of a third person in the Magistrate's Court and at the same time signed an indemnity agreement whereby they agreed to indemnify the plaintiff for any loss incurred by reason of said bond or any renewal thereof or any new bond issued in continuation thereof or as a substitute therefor. Thereafter said third person appeared in the Magistrate's Court and was discharged on the ground that he had already been indicted for the crime with which he was charged. The plaintiff having given a bond for the appearance of said third person in the County Court to answer the indictment, paid the amount of the bond on his default and entered judgment on the confession.

*Held,* that the judgment entered upon the confession was absolutely void for the confession limited plaintiff's right to enter judgment solely upon the failure of said third person to appear in a Magistrate's Court and so there was no authority for the entry of the judgment.

Although the defendants may be liable on the indemnity agreement, that agreement in no way extended the limitation incorporated in the confession of judgment.

A void judgment may be vacated at any time and the defendants were not required to make their motion within one year after the filing of the judgment as required by section 521 of the Civil Practice Act.

Appeal by the plaintiff, The Fidelity and Casualty Company of New York, in each of the above-entitled actions, from orders of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 4th day of April, 1922, granting the motions of the defendants for the vacation and cancellation of judgments, by confession, in each of the above-entitled actions in favor of plaintiff, entered in said clerk's office on the 7th day of February, 1921.

*Edwin A. Jones,* for the appellant.

*Ralph G. Barclay,* for the respondents.

In each case:   Order vacating and canceling judgment by confession affirmed, with ten dollars costs and disbursements, upon opinion by Mr. Justice CALLAGHAN at Special Term.

BLACKMAR, P. J., RICH, KELLY, JAYCOX and YOUNG, JJ., concur.

The following is the opinion delivered at Special Term:
CALLAGHAN, J.:

On the 19th day of October, 1920, the defendant in each of these actions executed a confession of judgment for the purpose of securing the plaintiff against contingent liability which might arise out of the execution of a bail bond in the sum of $20,000 for the appearance of one Nicolo Failla in the " Ninth District Magistrate's Court, Kings County." Thereafter Failla appeared in the Magistrate's Court and the magistrate indorsed on the back of the complaint filed against him the following: " Defendants are already indicted." This indorsement is in the handwriting of the magistrate and follows a printed form of order, the printed order reciting that, there being no sufficient cause to believe parties therein named as defendants to be guilty of the offenses charged, they are thereby discharged from custody. But the words in the handwriting of the magistrate are clearly separated from the printed form of order, which indicates that the defendants were discharged in the Magistrate's Court solely for the reason that they had been indicted and there was, therefore, no necessity to continue the hearing. So that I reach the conclusion that the proceeding in the Magistrate's Court was terminated solely because the defendants there named had been indicted by the grand jury. Failla was thereafter arraigned in the County Court to plead to the indictment. Bail was fixed for his appearance in the County Court in the sum of $10,000 and was furnished by plaintiff. Thereafter Failla defaulted. Judgment was entered by the People against the plaintiff in the sum of $10,000, which was promptly paid. Thereafter the plaintiff entered judgment against these two defendants in the sum of $20,000 and costs upon the confession of judgment herein referred to. At the time these defendants executed the confession of judgment they also signed an indemnity agreement whereby they agreed to indemnify plaintiff and hold it harmless for any loss incurred " by reason of or in consequence of said bond or any renewal thereof or any new bond issued in continuation thereof or as a substitute therefor." The defendants move to vacate the judgment entered on the confession upon the ground that the defendants specifically limited the judgment to be entered against them to any liability which might arise on the bond issued in the Ninth District Magistrate's Court in the sum

of $20,000. These motions are resisted upon three grounds: (1) That by reason of the indemnity agreement defendants' liability on the default is established, and, therefore, the defendants by their confession of judgment are liable in the sum of $10,000. (2) That the confession of judgment was given as a consideration for the bond in the County Court, inasmuch as it was for the same party and for the same crime as was contained in the information in the Magistrate's Court. (3) That the entry of the judgment on the confession is an irregularity and no motion can be made to set it aside after the expiration of one year following the filing of the judgment, pursuant to section 521 of the Civil Practice Act. It may be that these defendants are liable in an action for damages by reason of their having executed the indemnity agreement, but that liability arises solely because of their having signed and executed that agreement. There is no relation between the indemnity agreement and the confession of judgment. The confession of judgment limits the purpose for which it is or was given, and although the defendants may be liable by reason of having executed another agreement, that agreement in no way extends the limitation incorporated in the confession of judgment. The confession of judgment stands alone. Had there been a default for want of appearance in the Magistrate's Court, a judgment could have been entered on the confession whether or not the indemnity agreement had been executed. I cannot see how the indictment by the grand jury could be considered a continuation of the same proceeding as that in the Magistrate's Court. The fact that the defendant was indicted upon the same charge as contained in the information does not indicate that the proceeding or the indictment in the County Court was a continuation of the proceeding in the Magistrate's Court. They were as separate and independent of each other as actions between the same parties in different courts. It may be that plaintiff's representatives and these defendants were of the opinion that the confession of judgment secured the bond given in the County Court, but that fact does not enlarge upon the purposes for which the confession of judgment was given. This motion cannot be regarded as irregular. The motion is based solely upon the ground that the judgment was entered without authority. If there was no authority for the entry of judgment upon the confession, the judgment should not have been entered and is void. There is a vast distinction between an irregularity and a void judgment; an irregularity may be cured, but a void judgment cannot stand. I conclude that the plaintiff had no right to enter judgments against these defendants upon the confession; that the confession limited plaintiff's right to enter judg-

ment solely upon Failla's failure to appear in the Magistrate's Court. The judgments must for that reason be vacated, but, inasmuch as a vacation of the judgments will leave plaintiff without any security whatever, and practically without any remedy, a stay may be incorporated in the order to be entered herein pending appeal to the Appellate Division, provided, however, plaintiff desires to appeal.