Harold Tessler, J.
On May 15, 1961, the corporate defendant, by its officers, the individual defendants herein, signed and delivered to the plaintiff a series of 24 promissory notes, each *722 in the sum of $500, payable monthly, with 6% interest beginning on June 15, 1961. As partial security for the payment of these notes, the defendants simultaneously signed a confession of judgment. This confession was filed by the plaintiff on August 14, 1961, with the clerk of this court who entered judgment on that date.
The defendants now move to vacate both the confession and the judgment entered thereon. They contend, in effect, that it was intended that judgment would not be entered unless the corporation was in default in the payment of the notes; that due to extension of time for payment thereof granted by the plaintiff, no default had occurred and, therefore, the judgment is void. In addition it is urged that the confession of judgment, itself, is invalid as it was part of a usurious transaction.
Had the confession of judgment provided that judgment was not to be entered unless the defendants were in default, then, if as contended by defendants there was no default, the entry of judgment would be unauthorized and the judgment void and could be vacated on motion. (Fidelity & Cas. Co. of N. Y. v. Marendino, 202 App. Div. 24, 27.) The confession, however, does not contain such a provision. On the contrary, it expressly stated that: “ this confession of judgment is for a debt justly to become due to the plaintiff arising from the following facts: Twenty-four (24) promissory notes at Five Hundred ($500.) Dollars each, with interest at 6%, all dated May 15, 1961, and payable monthly beginning June 15, 1961.” (Emphasis supplied.)
Section 540 of the Civil Practice Act authorizes the entry of judgment by confession for money “ to become due.” Execution on the judgment of course, may only be issued for the collection of the sum of money, if any, which has already become due and has not been paid. (Civ. Prac. Act, § 545.)
If by means of fraud or undue influence the plaintiff induced the defendants to sign the confession believing that judgment ivould be entered only upon their default, their remedy lies in a plenary action to set aside the judgment and not by motion. (Smith v. Kent, 259 App. Div. 117; Bennett v. Shipman, 154 N. Y. S. 2d 514.) Nor may the contention that the confession of judgment was obtained as part of a usurious transaction be disposed of on motion. A plenary suit in equity pursuant to section 373 of the General Business Law is the proper remedy. (See Mullin v. Bellis, 90 N. Y. S. 2d 27, 28.)
Accordingly, the motion is denied, without prejudice to a plenary action.