■ MARTIN ALBERT, Respondent, v. SYBIL WENDER, Appellant.— In an action to recover upon a promissory note alleged to have been indorsed by the defendant, in which judgment was entered against her based on a confession alleged to have been signed by her, the defendant appeals: (1) from an order of the Supreme Court, Nassau County, dated March 28, 1963, which denied her motion to vacate the judgment; and (2) from so much of an order of said court, made May 7, 1963, as, upon reargument, adhered to the original decision. Appeal from order of March 28, 1963 dismissed as academic; that order was superseded by the later order granting reargument. Order of May 7, 1963, insofar as appealed from, reversed, with $10 costs and disbursements to the defendant, and matter remitted to the Special Term for the purpose of taking proof on the issue of whether defendant's signature upon the confession was a forgery; and for further proceedings not inconsistent herewith. Defendant contends that she never signed the confession of judgment. A confession may be attacked by motion where the basis of the attack is that the signature to the confession is a forgery. If the affidavits are conflicting, proof should be taken and the motion should be decided on the basis of the evidence adduced; a plenary action is not necessary (*King* v. *Shaw*, 3 Johns. 142; *Schomaker* v. *Dean*, 201 Pa. 439; *Kaier* v. *O'Brien*, 202 Pa. 153; *Feltington* v. *Rongetti*, 337 Ill. App. 383; *Livingstone* v. *Rebman*, 169 Ohio St. 109). Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.