■ JOSEPH RAE, Appellant, v. MILTON KESTENBERG, Respondent.— In a proceeding by defendant to vacate a judgment for $29,178.28 against him in favor of plaintiff, entered May 29, 1964, by confession upon an affidavit pursuant to CPLR 3218, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated June 24, 1964, which granted the application and vacated the judgment. Order affirmed, with costs. The defendant executed and delivered to the plaintiff a confession of judgment which provided that it might be filed in the event that the defendant defaulted in the payment of the sum of $25,000 due in four equal installments on specific dates from Hotel Governor Clinton, Inc., to the plaintiff. The defendant in writing guar-

anteed the payment of said sum of $25,000 on the dates specified. The confession of judgment stated that the first installment was due May 1, 1966. Hence, on May 29, 1964, when the confession of judgment was entered, the time of payment of the first installment had not yet arrived. Special Term was therefore correct in holding that the entry of the confession of judgment was unauthorized under its express terms, and that a confession of judgment entered without authority may be vacated on motion (*Fidelity & Cas. Co. of N. Y.* v. *Marendino*, 202 App. Div. 24). We regard as untenable the plaintiff's contention that the confession of judgment may stand because the defendant's guarantee in writing included all obligations to be performed under a written agreement between the plaintiff and Hotel Governor Clinton, Inc., and because both the defendant and the hotel corporation were in default thereunder with respect to the required delivery, prior to the entry of the judgment, of certain documents, to wit: an assignment of lease, stockholders' consents, and a resolution of the corporation's board of directors. The confession of judgment cannot be expanded beyond its terms, and even if by judicial construction it were to be enlarged to embrace the defendant's guarantee, we think that the defendant's guarantee relates to the payment of the sum of $25,000 and does not expressly bind him to the delivery of the described instruments by the corporation. Confessions of judgments are always closely scrutinized (6 Williston, Contracts [rev. ed.], § 1724, p. 4871) and in judging them a liberal attitude should be assumed in favor of the judgment debtor (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 32–237). We note, too, that any liability under a guarantee must be strictly limited by the terms of the instrument (*Richardson* v. *County of Steuben*, 226 N. Y. 13, 19–20). We are mindful of the recent decision of the Appellate Division of the Supreme Court in the First Judicial Department (*Rae* v. *Hotel Governor Clinton*, 22 A D 2d 783). There, an order vacating a confession of judgment for $25,000, entered by the plaintiff against the primary debtor, the Hotel Governor Clinton, Inc., was reversed, and the motion to vacate that confession of judgment denied. It appears from the memorandum of the court, however, that the default of the primary debtor depended on a ground which was different from the ground relied on by the plaintiff in the appeal at bar. That decision is therefore distinguishable and inapplicable here. Christ, Brennan and Hopkins, JJ., concur; Ughetta, Acting P. J., and Hill, J., dissent and vote to reverse the order, and to deny the application and to vacate the judgment entered upon the confession, with the following memorandum by Hill, J., in which Ughetta, Acting P. J., concurs: Defendant was president of the Hotel Governor Clinton, Inc., which on February 20, 1964 agreed in writing: (a) to purchase plaintiff's interest in a mortgage; and (b) to deliver to plaintiff, within 10 days, the assignment of a leasehold, the stockholders' consents and directors' resolution approving all the terms of the agreement. This agreement was signed by defendant as president of the hotel corporation. Pursuant to the agreement the corporation executed a series of 40 notes to plaintiff, of which four became due in 1966; these four were for money plaintiff loaned to it on the signing of the agreement. Simultaneously with the execution of the notes and the agreement, the defendant executed a "guaranty" to plaintiff and an affidavit of confession of judgment. The former guaranteed the payment of the money plaintiff had loaned to the corporation and provided in its eighth paragraph that: "Upon the default of Debtor [the corporation] or the undersigned with respect to any obligations or liabilities to Creditor, or in case said Debtor or any of the undersigned shall become insolvent * * * all or any part of the obligations and liabilities of the Debtor to the Creditor, whether direct or contingent,

and of every kind and description, shall without notice or demand become immediately due and payable and shall in any event be taken up forthwith by the undersigned guarantors." The affidavit of confession of judgment sets forth that it was given in connection with the loan which it described as payable in four equal installments on the first day of May, June, July and August of 1966. It then recited that defendant had executed a written guarantee of these payments and that the confession of judgment was executed "under and pursuant to the said guaranty of payment." It further provided that the confession of judgment may be filed at any time after defendant defaults in the payment of the obligation. Plaintiff entered the confession of judgment on May 29, 1964, after the corporation allegedly had continued to fail in its obligation to deliver the assignment, the shareholders' consents and directors' resolution which, according to the chief agreement, were to be delivered within 10 days. On defendant's motion, the Special Term vacated the judgment on the ground that there could be no resort to collateral agreements to determine whether the default on which the entry of the judgment was conditioned had occurred. The Special Term relied on one case (*Fidelity & Cas. Co. of N. Y.* v. *Marendino,* 202 App. Div. 24). In that case, however, the court held that there was no relation between the indemnity agreement there involved and the confession of judgment which had been filed in reliance on defendant's breach of an obligation under said indemnity agreement. Such is not the case here; the affidavit of confession specifies that it is given under the terms of the guarantee. The maturity of an obligation is commonly accelerated by circumstances which the parties agree are reasonable indicia of an anticipatory breach; and the description in the confession of the obligation as maturing in 1966 did not negate this possibility. Assuming *arguendo* that the confession was deficient in not adverting expressly to the possibility of acceleration, such a deficiency may redound to the benefit of creditors but not to the benefit of the judgment debtor (*Magalhaes* v. *Magalhaes,* 254 App. Div. 880 and cases there cited). Defendant's contention that even under the terms of the guarantee he should have been accorded a grace period measured from the default on the first of the series of notes is without merit. Under the terms of the guarantee all the notes became due immediately upon the corporation's failure to meet those obligations to plaintiff which it was required to perform within 10 days after execution of the agreement to purchase.