Arnold L. Fein, J.
On January 6, 1964, defendant Alan Mercantile Corp. (Alan) loaned plaintiff A&C Employment Agency, Inc. (A&C), $2,000 for which A&C delivered to Alan:
(1) A $3,000 promissory note, dated January 6, 1964, made by A&C payable to Alan on demand with interest at 6%, indorsed by the individual plaintiffs, waiving presentment, demand and notice, consenting that renewals, extensions and partial payments would not operate to discharge any of the parties, and that costs *769 of collection and a reasonable “attorney’s fee of 15% of the amount of this note * * * shall be added to * * * and recoverable with the amount due ” if placed with an attorney for collection for nonpayment when due.
(2) A confession of judgment sworn to and executed by A&C and the individual plaintiffs on January 6,1964, confessing as “ a debt justly due * * * : On January 6, 1964, the plaintiff loaned to the defendant, A&C Employment Agency, Inc., the sum of Three Thousand Dollars as evidenced by a promissory note payable on demand. The defendants, William Fridel and Bita A. Friedl endorsed said note prior to its negotiation to the plaintiff. ’ ’
(3) A series of 16 noninterest-bearing promissory notes totaling $2,560, dated January 7,1964, each in the sum of $160, made by A&C, payable to Alan weekly, commencing one week from the date of the notes, indorsed by the individual plaintiffs under a stamped legend: ‘1 Without waiving any rights by payee. Installment payment on account of note dated 1/ 6/64 ’ ’.
Plaintiff William Fridel testified that except for the 16 notes he was not clear as to the nature of the papers he signed at the time of the loan, but that defendant, Gaskin, an officer of Alan, told him their sole purpose was to protect A&C in the event of Gaskin’s death. Gaskin first testified the loan was $3,000, but conceded when pressed that the amount advanced was $2,000. He testified that if the 16 notes totaling $2,560 were paid when due that would discharge the obligation, but if in default, $3,000 would have to be paid and that this was the function of the $3,000 note and confession of judgment, and that Fridel was so advised at the time of the loan. Although both witnesses were of doubtful credibility, the face of the instruments is more nearly consistent with Gaskin’s version. However, it is noted that the confession of judgment was false on its face. The loan was $2,000, not $3,000, which was not “ justly due ”, but might become due if the weekly $160 notes were not paid when due. Moreover, the confession did not refer to the 6% interest or the waiver provisions or attorney’s fee penalty in the $3,000 note.
From the outset the weekly notes made by A&C to A lari were not paid when due, and there was continuing controversy between Messrs, Gaskin and Fridel. Fridel testified that as the weekly notes were belatedly paid he was required to pay additional sums totaling $482. This Gaskin denied, except for approximately $92. The additional payments, in whatever amount, were variously explained as covering interest, bank charges, cab fares, or on account of the delays in payment.
*770 When only four notes remained due but in default, Fridel, at Gaskin’s request, delivered to Gaskin four checks:
(1) Check of A&C dated 4/30,1964, payable to Gaskin, in the sum of $165, marked “For note 4/21/64 Allen Mercantile”. This check, indorsed by Gaskin to Alan, was paid;
(2) Check of A&C, indorsed by Fridel, dated May 5, 1964, payable to Alan in the sum of $161.41, marked, ‘ ‘ March 3rd Note This check was dishonored, account “ short”.
(3) Check of A&C, indorsed by Fridel, dated May 12, 1964, payable to Alan in the sum of $160, marked, ‘ ‘ March 16th note ”, not deposited by reason of the dishonor of the prior check.
(4) Check of A&C dated 5/19,1964, payable to Gaskin, in the sum of $175, marked, “ Allan Merc Re ng note 4/28 ”, also not deposited for the same reason.
Attached to the latter two are slips, marked respectively “ For Dep 5/22 ”, “ For Dep 5/29 ”. The other two bear evidence similar slips were attached. This bears out Fridel’s testimony all four were given to Gaskin for Alan at the same time.
At or about the same time, Fridel delivered to Gaskin for Alan two more checks which were paid:
(5) Check of A&C dated 5/7/1964, payable to Gaskin in the sum of $21, bearing the computation “ 600 int. 3%-$21 ”, and indorsed by Gaskin to Alan.
(6) Check of A&C dated 5/15/1964, payable to Gaskin, in the sum of $21 also indorsed by Gaskin to Alan.
On June 12, 1964, when only the three checks totaling $496.41 were unpaid, a judgment by confession was entered in the office of the Clerk of this court, without notice, under Index No. 91948/64 in the sum of $1,412.50 against A&C, William Fridel and Bita A. Friedl, based on an unsigned affirmation of the attorney for Alan Mercantile Corp. and the confession of judgment. The statement for judgment reads, “Amount Confessed less net credits of $1,630.00-$!,370.00 ”. Costs and disbursements of $42.50 were added, making the total $1,412.50. The credits of $1,630 were arrived at by crediting A&C with $2,080 of the moneys received by Alan, and deducting therefrom $450 representing an attorney’s fee of 15% computed on the $3,000, leaving a balance of $1,370 asserted to be due on the $3,000 confession. This basis for the computation was not disclosed either on the face of the confession or in the computations submitted to the Clerk as a basis for the entry of judgment.
Plaintiffs’ motion, as defendants in that action, to set aside the judgment on the ground it had been fraudulently entered, was denied ‘ ‘ without prejudice to the bringing of a plenary *771 action ”, because “ defendant’s remedy to vacate a judgment by confession is by a plenary action, not a motion to vacate the judgment (Order of July 23, 1964, citing Smith v. Kent, 259 App. Div. 117; McCabe v. Allboro Excavation Co., 31 Misc 2d 721; Bennett v. Shipman, 154 N. Y. S. 2d 514.)
Plaintiffs then instituted this action, pleading three causes of action. The first alleges that by April 30, 1964, A&C had paid all but four of the $160 weekly promissory notes and that defendants had agreed (1) to take and accept four new checks from A&C totaling $662.82 in place of the four overdue promissory notes and the $3,000 note; (2) that plaintiffs’ sole obligation to Alan would be on the four checks; and (3) that the $3,000 promissory note would be cancelled and the confession be destroyed and not filed. Alleging that the entry of judgment was fraudulent, it demands that the judgment be cancelled and vacated and an award of damages in the sum of $10,000 plus counsel fees.
In addition to a general denial defendants plead that (1) the complaint does not state a “valid cause of action”; (2) this court lacks jurisdiction; and (3) the alleged agreement respecting the checks is ‘ ‘ void for want of any consideration whatever ’ ’. These defenses are without merit. The complaint alleges and the evidence establishes that a new agreement was made discharging plaintiffs’ obligations and terminating Alan’s rights under the $3,000 promissory note and the confession of judgment, breached by the entry of judgment and the attempts to enforce it.
Accepting defendants ’ version of the original transaction, Alan had three alternatives when there was a default on the weekly installment notes. It could have sued on the notes in default, or on the $3,000 note, or entered judgment on the confession. It did none of these things. It first accepted moneys, which it coneededly did not credit against plaintiffs’ obligations, and finally when only four notes totaling $640 were due it accepted four checks totaling $661.41 plus two interest checks totaling $42. It is not without significance that it did not credit these additional amounts received against the $3,000 note or confession. The fact that three of the checks were not presented or paid is immaterial. The acceptance of the additional moneys plus the two interest payments and the four checks in excess of the balance due on the installment notes can only be construed as the making of a new agreement. Alan’s acceptance of cash together with a new promise to pay must be held to have extinguished its right to enforce the original agreement. It is not necessary to -find an express agreement to cancel the $3,000 promissory note and the confession. A new agreement, even *772 though executory in whole or in part, which expressly or by implication discharges or is a substitute for the original claim or contract is valid and enforcible. (Moers v. Moers, 229 N. Y. 294.)
When A&C’s May 5, 1964 check for $161.41 was dishonored, Alan’s sole remedy was to sue to enforce collection of that check and the remaining two checks totaling $335. It had no longer any right to enforce the $3,000 note or enter judgment on the confession. They no longer represented valid and subsisting obligations and rights. There was a new agreement.
Accordingly, it is not necessary for the court to reach the question as to whether this court has power to vacate and set aside a confession of judgment, which has been questioned. (Mullin v. Bellis, 90 N. Y. S. 2d 27 [City Ct., Bronx County], interpreting a statute which, like article 2 of the New York City Civil Court Act, did not confer general equitable jurisdiction.) The cases holding that a motion is not an appropriate vehicle to vacate a judgment entered upon a confession of judgment allegedly void for lack of consideration or fraud are premised on the ground that such issues should not be resolved upon affidavits but rather by a plenary action, equitable in nature. (Smith v. Kent, 259 App. Div. 117; McCabe v. Allboro Excavation Co., 31 Misc 2d 721; Bennett v. Shipman, 154 N. Y. S. 2d 514, supra; Mullin v. Beilis, supra.) These cases; however, deal with questions concerning the validity of a confession of judgment in its inception. A different view has been taken where the confession of judgment has been entered without authority under its terms or procured or filed fraudulently. (Fidelity & Cas. Co. of N. Y. v. Marendino, 202 App. Div. 24; Rae v. Kestenberg, 23 A D 2d 565; see Rae v. Hotel Governor Clinton, 22 A D 2d 783, 784.) And there is recent authority that even where the attack is premised on alleged forgery of the signature, the remedy is by motion and a hearing on the conflicting issue if necessary and not by plenary action. (Albert v. Wender, 19 A D 2d 737.)
However, the issue here relates to a subsequent agreement discharging or voiding the confession of judgment, making its entry fraudulent.
It is not necessary to consider the distinction made in the cases between relief by motion and by a plenary action, said to depend on whether the alleged fraud is extrinsic or intrinsic. (Fuhrmann v. Fanroth, 254 N, Y. 479; Crouse v. McVickar, 207 N. Y. 213; O’Neil v. Meccia, 169 Misc. 985.) The prior order, with respect to the judgment here under attack, remitting plain *773 tiffs to a plenary action, cannot be construed as a holding this court has no authority to modify or vacate its own judgments. Like all courts it has inherent power over its own judgments. (Ladd v. Stevenson, 112 N. Y. 325; Flanson Realty Corp. v. Workers’ Unity House, 229 App. Div. 179; Manalum v. Petroleum Producing & Refining Co., 198 App. Div. 192.) CPLR 5015 (subd. [a]) so states: “ The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: * * * 3. fraud, misrepresentation, or other misconduct of an adverse party”.
If this court has power on motion to correct its own judgment on the ground of a fraud practiced on the court during or after a trial, this must imply power to do so by action where the judgment has been entered without application to the court, as in the instant case. At the time of the entry of the judgment by confession here, there was in existence a new agreement between the parties eliminating the right of defendant Alan to enter or enforce the confession against the plaintiffs. It "would be anomalous to hold that this court cannot vacate its own judgment entered by fraud and without notice and remit the parties to the Supreme Court to vacate the judgment, where the fraud relates not to the obtaining of the confession, but to the entry of the judgment itself.
There is no proof warranting damages. Plaintiffs have not made any payments on account of the judgment, nor have they submitted any other proof entitling them to damages. They are still indebted to Alan in the sum of $496.41 with appropriate interest on the three checks dated respectively May 5,1964, May 12, 1964 and May 19, 1964. Appropriate relief will be obtained by vacating the judgment and directing the entry of a new judgment in the modified amount. No cause of action has been established against defendant Gaskin.
Accordingly, the first cause of action against Henry Gaskin is dismissed and the judgment in the action in this court entitled Alan Mercantile Corp., plaintiff, v. A & C Employment Agency, Inc., William Fridel and Rita A. Fricdl, defendants, Index No. 91948-1964 is hereby vacated and the Clerk is directed to enter judgment in favor of plaintiffs in that action against defendants therein in the sum of $496.41 with appropriate interest, costs and disbursements.
The second cause of action, for $10,000 in damages, allegedly sustained because supplementary proceedings instituted by Alan against plaintiffs as judgment debtors unlawfully interfered *774 with plaintiffs’ business and impaired their credit, was dismissed on the trial for failure of proof.
The third cause of action, to" recover $700, allegedly paid by plaintiffs to Gaskin under “threats of violence and bodily harm,” is also dismissed for failure of proof.