■ PAUL R. ENGSTER, Respondent, v P. SHANNON PASSONNO, Appellant. [608 NYS2d 740] —Mercure, J. Appeal from that part of an order of the Supreme Court (Spain, J.), entered November 20, 1992 in Rensselaer County, which denied defendant's cross motion to vacate a judgment entered by confession.

We reject the contention that Supreme Court erred in denying defendant's motion to vacate a $13,887.76 judgment by confession entered in favor of plaintiff, one of defendant's former attorneys, and accordingly affirm. First, the claim that the affidavit of confession of judgment was obtained through coercion may only be asserted in a plenary action, thereby permitting development and evaluation of the pertinent facts (see, *Mittman v Mittman,* 33 AD2d 573; see also, *Scheckter v Ryan,* 161 AD2d 344, 345; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3218:16, at 768-769). In fact, such an action is pending in Supreme Court but is not the subject of this appeal. Second, the record does not support the contention that the judgment by confession was entered without authority. Even accepting defendant's allegation that the judgment was entered at a time when plaintiff was "actively" representing defendant, that fact would appear to have no bearing upon plaintiff's authority to enter the judgment (cf., e.g., *Rae v Kestenberg,* 23 AD2d 565, affd 16 NY2d 1023; *Albert v Wender,* 19 AD2d 737; *Fidelity & Cas. Co. v Marendino,* 202 App Div 24). Third, we are not persuaded that the judgment by confession should be vacated for public policy reasons. On this record, we are unable to determine whether plaintiff was guilty of misconduct, malpractice or overcharging, as alleged by defendant. As for defendant's effort to analogize the confession of judgment to a

nonrefundable retainer or minimum fee, we note that in the May 7, 1991 affidavit of confession of judgment, defendant acknowledged that plaintiff had already rendered on his behalf legal services fairly and reasonably valued at $12,000. Clearly, defendant did not confess judgment for unearned or prospective fees. Finally, the entry of the judgment by confession predated recent amendments to the Disciplinary Rules governing attorney conduct in matrimonial actions, which prohibit attorneys from obtaining confessions of judgment unless certain preconditions are met (see, 22 NYCRR 1400.5 [eff Nov. 30, 1993]).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.