■ TRENNA L. IRONS, Respondent-Appellant, v WAYNE J. ROBERTS, Defendant, and MARY VANOSTRAND, as Attorney-In-Fact for AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Appellant-Respondent. [614 NYS2d 792] —Mercure, J. P. (1) Cross appeals from an order of the Supreme Court (Ellison, J.), entered January 5, 1993 in Tioga County, which, *inter alia,* denied defendant Mary VanOstrand's motion to dismiss the third cause of action of plaintiff's amended complaint, and (2) appeal from an order of said court, entered September 28, 1993 in Tioga County, which, *inter alia,* granted plaintiff's motion for summary judgment and made a declaration in her favor.

In March 1990, a $10,000 bail bond (hereinafter the Vandemark bond) was issued by defendant Mary VanOstrand, as agent for American Bankers Insurance Company of Florida (hereinafter American Bankers) to secure the appearance of Richard Vandemark in a pending criminal proceeding. There is evidence in the record to support a finding that Eric Roberts applied for the Vandemark bond, posing as and using the name of his brother, defendant Wayne J. Roberts. However, for the purpose of this appeal, we shall assume that Wayne Roberts applied for the bond, as alleged by VanOstrand. Eric Roberts was subsequently arrested on an unrelated criminal charge and in June 1990 Wayne Roberts and Lynn Hair applied for and were issued a $25,000 bail bond (hereinafter the Roberts bond) by VanOstrand to secure Eric Roberts' appearance. In connection with the latter bail application, Wayne Roberts signed an affidavit authorizing entry of a judgment by confession against him in Bradford County, Pennsylvania, his county of residence; pursuant thereto, VanOstrand filed a $25,175 judgment by confession in the Tioga County Clerk's office in July 1990.

In August 1990, Wayne Roberts conveyed to plaintiff a parcel of real property located in the Town of Barton, Tioga County. Although apparently unknown by plaintiff because of her attorney's failure to search the title down to the date of recording of the closing instruments, the property was encumbered by the lien of the judgment entered by VanOstrand. In November 1990, Eric Roberts was taken into custody, bail was exonerated and VanOstrand was relieved as surety on the Roberts bond. Nonetheless, VanOstrand refused to issue a satisfaction of the judgment entered against Wayne Roberts. In February 1991, bail was forfeited in the criminal proceeding against Vandemark and VanOstrand paid $10,000 to

Tioga County Court. Following the bail forfeiture, VanOstrand took the position that the judgment by confession entered pursuant to the Roberts bond "cross-collateralized" and secured the Vandemark bond.

Plaintiff thereafter commenced this action against Wayne Roberts and VanOstrand, seeking (1) damages for breach of deed warranty against Wayne Roberts, (2) to compel VanOstrand to mark as satisfied the $25,175 lien entered pursuant to the Roberts bond, and (3) a declaration of invalidity and vacatur of the $25,175 lien. VanOstrand moved to dismiss the second and third causes of action based upon plaintiff's asserted lack of standing. Plaintiff then amended her complaint to include the allegations of forgery regarding the Vandemark bond. Supreme Court partially granted VanOstrand's motion by dismissing plaintiff's second cause of action, but denied VanOstrand's motion to dismiss the third cause of action. VanOstrand and plaintiff* appeal. Following defendants' service of answers to the amended complaint, VanOstrand moved and plaintiff and Wayne Roberts cross-moved for summary judgment. Supreme Court granted plaintiff's cross motion and an order was entered, *inter alia,* vacating VanOstrand's judgment. VanOstrand appeals.

We affirm. A judgment by confession may be entered to secure a creditor against a contingent liability of the obligor upon an affidavit executed by the obligor which (1) states the sum for which the judgment may be entered, (2) authorizes entry of the judgment, and (3) states the county in which entry is authorized if the obligor is a nonresident of the State (CPLR 3218 [a] [1]). Judgments by confession are closely scrutinized and cannot be expanded beyond their terms *(see, Rae v Kestenberg,* 23 AD2d 565, 566, *affd* 16 NY2d 1023). In assessing a judgment by confession, a liberal attitude should be assumed in favor of the judgment obligor *(see, supra; see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3218:4, at 758). Notably, CPLR 3218 (b) authorizes entry of the judgment only in the county designated in the debtor's affidavit, and entry of the judgment in an unauthorized county renders it void *(see, Williams v Mittlemann,* 259 App Div 697, 699-700; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3218:8, at 760; *cf., Steward v Katcher,* 283 App Div 50). Because Wayne Roberts consented only to entry of the con-

---

* Although she filed a notice of appeal, in her brief plaintiff seeks only that Supreme Court's orders be affirmed.

fessed judgment in Bradford County, Pennsylvania, we agree with Supreme Court that the unauthorized entry in Tioga County was void.

We further agree with Supreme Court that, inasmuch as the confession of judgment was not given to secure any obligation under the Vandemark bond, the confessed judgment may not secure any liability derived therefrom. Initially, the bold assertion in VanOstrand's brief that the Tioga County property was somehow "posted" as security for the Vandemark bond finds no support in the record. Nor are we persuaded by the argument that the confessed judgment was given as security for any and all bonds ever issued by American Bankers at the behest of Wayne Roberts. Despite the clear statement of the affidavit that judgment was being confessed for the purpose of securing against contingent liability arising out of the $25,000 bond issued June 29, 1990 to secure the appearance of Eric Roberts in court when called, VanOstrand relies upon the affidavit's subsequent incorporation of the obligations of a separate "Agreement of Indemnity" to impose liability under the Vandemark bond. That portion of the affidavit for confession of judgment provides: "[Wayne Roberts and Hair] executed and delivered to [American Bankers] an agreement indemnifying [American Bankers] against any loss, costs or expenses *on said bond or undertaking in place or continuance thereof,* and the judgment shall also be security for the obligations incorporated therein" (emphasis supplied).

The indemnity agreement in turn provides, within a sea of small print: "That these covenants, as also all collateral securities or indemnity, if any, at any time deposited with or in the possession of [American Bankers] shall be available in its behalf and for its benefit and relief as well concerning any and all former or subsequent bonds or undertaking executed for [American Bankers], or at [its instance], as concerning the bond or undertaking concerning which such covenants, collateral securities or indemnity shall have been made, deposited or given." We conclude that the requisite "liberal attitude" will not permit VanOstrand's construction of the quoted language *(see, Rae v Kestenberg, supra,* 23 AD2d 565, 566), particularly in view of the fact that the affidavit's incorporation (and particularly the emphasized language) appears to include only those provisions of the indemnity agreement that pertain to the current bond or a continuance thereof.

As a final matter, we reject the contentions that plaintiff lacks standing to bring the third cause of action of the amended complaint or that a declaratory judgment action was

an inappropriate remedy. A subsequent purchaser for value without actual notice may challenge the lien of a judgment entered by confession (see, e.g., *Franco v Zeltser*, 111 AD2d 367; *McDaniel v Sangenino*, 67 AD2d 698). Further, a declaratory judgment action is available to determine the validity of a lien (see, *Philso Estates v Riordan*, 240 App Div 998), notwithstanding the existence of other remedies (see, *Matter of Morgenthau v Erlbaum*, 59 NY2d 143, *cert denied* 464 US 993). VanOstrand's remaining contentions have been considered and found to lack merit.

White, Casey, Weiss and Peters, JJ., concur. Ordered that the orders are affirmed, with costs to plaintiff.