■ R. JERRY TOMMASONE, Respondent-Appellant, v KING SERVICE, INC., Doing Business as KING FUELS, INC., et al., Defendants, and BIROL OZBAY, INC., et al., Appellants-Respondents. [810 NYS2d 548]—

Carpinello, J. Cross appeals from an order of the Supreme Court (Teresi, J.), entered May 5, 2005 in Albany County, which denied motions by plaintiff and defendants Birol Ozbay, Inc. and Birol Ozbay for summary judgment.

Plaintiff seeks to foreclose a judgment lien in his favor as it relates to a parcel of real property located in Albany County. Plaintiff's lien arises out of an amended judgment by confession

signed, as relevant here, by defendant King Service, Inc. This amended judgment by confession was recorded in the Rensselaer County Clerk's office on November 14, 2002 and transcripted in the Albany County Clerk's office on December 9, 2002. Even though the transcript of judgment was duly filed and, thus, became a lien against all real property owned by the judgment debtor in Albany County as of December 9, 2002 (*see* CPLR 5203 [a]; *see also Matter of Mason v Belski*, 73 AD2d 779, 780 [1979]), King Service conveyed title to the subject premises to defendant Birol Ozbay, Inc. (hereinafter Ozbay) on December 30, 2002 without satisfying the judgment. Ozbay denies having actual knowledge of the lien until after the closing.[1] At issue are cross-appeals from an order of Supreme Court denying motions for summary judgment by plaintiff and Ozbay.

Supreme Court found that the amended affidavit of confession of judgment complied with CPLR 3218 in that it contained the requisite statutory specificity, including the amount of the indebtedness, the date from which and the rate at which interest accrued and the fact that the indebtedness arose out of moneys loaned (*see* CPLR 3218 [a]; *see also County Natl. Bank v Vogt*, 28 AD2d 793 [1967], *affd* 21 NY2d 800 [1968]). We agree with this finding. Because the affidavit of confession of judgment was legally sufficient, plaintiff was entitled to summary judgment notwithstanding a question of fact as to Ozbay's standing to challenge the judgment of confession (*see County Natl. Bank v Vogt, supra* at 794). In other words, in the face of a legally sufficient affidavit of confession of judgment, Supreme Court need not have involved itself in the dispute over whether Ozbay has standing to contest the validity of the judgment itself, i.e., whether Ozbay was a purchaser without actual notice of the judgment lien (*see Irons v Roberts*, 206 AD2d 683, 686 [1994]).[2]

The parties' remaining arguments have either been rendered academic by our determination or have been considered and rejected as without merit, including Ozbay's argument that there are computational errors in the judgment. Notably, plaintiff has conceded these errors. In the event that the parties

---

1. Ozbay, apparently, however, retained a title insurance company to conduct a title search and that company had a representative at the closing. Moreover, within days of the closing, the title insurance company sought to obtain a release of the judgment lien, obviously to no avail.

2. Of note, even Ozbay concedes this point on appeal. Although maintaining that the amended affidavit was insufficient as a matter of law, Ozbay recognizes that "[i]n skipping directly to the question of legal sufficiency of the Amended Affidavit and then holding that it was legally sufficient, [Supreme] Court essentially eliminated the need to address the standing issue."

are incapable of resolving their respective mathematical calculations, Supreme Court has the power to conduct an inquest on this limited issue.

Mercure, Spain and Kane, JJ., concur; Cardona, P.J., not taking part. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment; motion granted; and, as so modified, affirmed.