ROBERT STIVALA, Respondent-Appellant, v BOARD OF TRUSTEES OF THE NEW YORK DISTRICT COUNCIL OF CARPENTERS HEALTH AND WELFARE FUND et al., Appellants-Respondents. [852 NYS2d 291]—

In an action to vacate a judgment by confession, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated March 19, 2007, as denied, as untimely, their motion for summary judgment dismissing the complaint and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as cross-appealed from, on the law, and the plaintiff's motion for summary judgment on the complaint is granted; and it is further,

Ordered that the appeal is dismissed as academic in light of our determination on the cross appeal; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 2005 Robert Charles Enterprises, Inc. (hereinafter RCE), a construction company, failed to make contributions to the defendants union benefit funds pursuant to a collective bargaining agreement. RCE entered into a payment plan with the defendants allegedly executed on its behalf by its president, the plaintiff Robert Stivala, who allegedly also signed the agreement as guarantor. As part of the agreement, the plaintiff allegedly executed affidavits confessing judgment on behalf of RCE and himself. After RCE made one payment in the sum of $15,000, it defaulted on the agreement, and judgments by confession were entered.

This action was commenced by the plaintiff to vacate the judgment entered against him personally. He moved for summary judgment on the complaint, and the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion, finding that although he had established that he neither executed nor authorized the execution of the affidavits of confession of judgment, there was a question of fact as to whether he was negligent in leaving the signature stamp bearing his signature in the care of his employees. The Supreme Court denied the defendants' motion as untimely because it was made after the deadline set by the court in its trial readiness order.

The Supreme Court improperly denied the plaintiff's motion for summary judgment on the complaint. He established his prima facie entitlement to judgment as a matter of law by demonstrating that the signature on the affidavit confessing judgment was a forgery (see CPLR 3218; *A.B.J.M. Corp. v Prudenti*, 270 AD2d 219 [2000]; *Albert v Wender*, 19 AD2d 737 [1963]). In opposition, the defendants failed to raise a triable issue of fact. In particular, the defendants did not submit evidence sufficient to raise an issue of fact as to whether the forgery was a result of the plaintiff's own negligence (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]), or as to whether this action should be barred by the doctrine of equitable estoppel (see *Societe Generale v Federal Ins. Co.*, 856 F2d 461, 467 [1988]; *Bunge Corp. v Manufacturers Hanover Trust Co.*, 31 NY2d 223, 228 [1972]).

In light of our determination on the cross appeal, the appeal has been rendered academic. Mastro, J.P., Rivera, McCarthy and Dickerson, JJ., concur.