*286 OPINION OF THE COURT
Gary F. Knobel, J.
Motion by defendant Catherine Walker, pro se, for an order vacating the judgment entered against her on July 9, 2007, based upon the confession of judgment executed by her on November 16, 2004, is granted.
In sum, the entry of the confession of judgment was unauthorized under its terms, i.e., there was never any basis upon which the plaintiff could enter a judgment based upon a confession of judgment to secure a bail bond which was exonerated (see Irons v Roberts, 206 AD2d 683 [1994]; Rae v Kestenberg, 23 AD2d 565, 566 [1965], affd 16 NY2d 1023 [1965]).
The facts are as follows:
Defendant’s friend, Yvette Brown, was arrested in Queens County and bail was set in the sum of $7,500. The defendant asked the plaintiff to post the bond in order to obtain Ms. Brown’s release from jail. Consequently, on November 16, 2004, the defendant executed an “affidavit of confession by judgment” authorizing the entry of judgment in favor of plaintiff surety, Astrid Corrales, agent for Allegheny Casualty Co., in the amount of $5,160, “for the purpose of securing plaintiff against a contingent liability arising from the” posting by the surety of a bail bond in the sum of $7,500. The bail bond “was given to secure appearance of the principal [Brown] in court when called.” The “affidavit of confession by judgment” did not state the county the affidavit was executed in, or the county and district the defendant resided in. On November 16, 2004 the defendant also executed an indemnification agreement “with a sea of small print” that indemnified the plaintiff against any loss, costs, and expenses on the bond “including . . . attorneys fees . . . or . . . expenses . . . in an attempt to vacate any judgment entered against the principal or the [surety] in connection with such bond” (emphasis supplied; see Irons v Roberts at 685).
Plaintiffs attorney, Allan Sturim, states in paragraph 4 of his affirmation in opposition to defendant’s motion that “Yvette Brown was released on bail and made all her court appearances. She pled guilty to violating Penal Law § 165.40 and was sentenced on May 18, 2005, to a period of three years[’] probation. Upon sentencing the bail bond is exonerated as a matter of law” (emphasis added). Thereafter, on June 17, 2005, plaintiff surety company returned $2,340 to the defendant which it had been holding as collateral on the bond.
*287 Sturim’s affirmation further states in paragraph 5 that Brown failed to adhere to her probation terms and that the case against Brown was restored, on November 15, 2005, to the Queens County Criminal Court calendar for the purpose of arraigning Brown on her purported violation of probation. When Brown did not appear, a Criminal Court Judge (Mulling, J.) ordered her bail forfeited. “That order was clear error because the bond had been exonerated” (Sturim’s affirmation in opposition para 5 [emphasis added]).
Unfortunately, this “error” was compounded by the Queens County District Attorney, who entered a judgment in the sum of $7,500 on January 10, 2006 against the surety and principal Yvette Brown. Attorney Sturim was then retained by plaintiff surety company to vacate the judgment against it “on the grounds that said judgment was entered due to error and was illegal” (Sturim affirmation para 8 [emphasis added]).
Thereafter, an order was obtained from a Justice in Queens County Supreme Court (Schulman, J.), dated May 10, 2006, which vacated the forfeiture of bail. Attorney Sturim was paid counsel fees in the sum of $1,500 by the plaintiff on April 24, 2006 for legal services rendered in connection with the vacatur of the judgment and the “forefeiture of bail.”
In a letter to the defendant dated December 1, 2006, the plaintiff surety company stated in part that “[t]he attorney fees were $1,500 that leaves your liability is $1,500.00 [sic] . . . this letter shall serve as a formal demand” for payment and if payment was not made, the plaintiff threatened to “exercise our right to collect by enforcing the Confession by Judgment available to us.”
Several months later, the plaintiff chose not to sue the defendant under the indemnity agreement to recover the $1,500 in attorney fees, and instead attorney Sturim filed a judgment based upon the “affidavit and confession by judgment” of Catherine Walker in the sum of $5,160, together with an affirmation of disbursements. The judgment was entered by the Court Clerk on July 9, 2007.
“Confessions of judgments are always closely scrutinized (6 Williston, Contracts [rev. ed.], § 1724, p. 4871) and in judging them a liberal attitude should be assumed in favor of the judgment debtor (4 Weinstein-Korn-Miller, N.Y. Civ. Prac., p. 32-237) . . . [, and] any liability under a guarantee must be strictly limited by the terms of *288 the instrument” (Rae v Kestenberg, 23 AD2d 565, 566 [1965], affd 16 NY2d 1023 [1965]; see Irons v Roberts, 206 AD2d 683, 684 [1994]).
Generally, a person seeking to set aside an affidavit of confession of judgment and to vacate a judgment entered thereon is required to commence a plenary action for that relief, especially where it is alleged that the affidavit of confession of judgment was obtained by fraud, duress or overreaching (see Rubino v Csikortos, 258 AD2d 638 [1999]; Engster v Passonno, 202 AD2d 769 [1994]; Fabrizio, Radmin, Buksbaum & Co. v Giordano, 17 Misc 3d 1126[A], 2007 NY Slip Op 52151[U] [Nassau Dist Ct 2007]). However, a confession of judgment that is entered by the clerk even though it is defective on its face, or is entered without authority or in violation of its terms, may be vacated pursuant to motion (see Ripoll v Rodriguez, 53 AD2d 638 [1976]; County Natl. Bank v Vogt, 28 AD2d 793 [1967], affd 21 NY2d 800 [1968]; Rae v Kestenberg, supra; Fabrizio, Radmin, Buksbaum & Co. v Giordano, supra; Siegel, NY Prac § 302, at 489 [4th ed]). In addition, the court has the inherent discretionary power to vacate, in the interests of justice, judgments that it has entered (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]).
CPLR 3218 and UDCA 1403 govern the use of judgments by confession in the District Court, and these statutes are to be scrupulously followed {see Fabrizio, Radmin, Buksbaum & Co. v Giordano, supra).
CPLR 3218 provides in pertinent part:
“Judgment by confession
“(a) Affidavit of defendant. Except as provided in section thirty-two hundred one, a judgment by confession may be entered, without an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant;
“1. stating the sum for which judgment may be entered, authorizing the entry of judgment, and stating the county where the defendant resides or if he is a non-resident, the county in which entry is authorized;
“2. if the judgment to be confessed is for money due or to become due, stating concisely the facts out of which the debt arose and showing that the sum *289 confessed is justly due or to become due; and
“3. if the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability, stating concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of the liability.”
UDCA 1403 provides:
“The provisions of CPLR § 3218, relating to judgment by confession, shall be applicable in this court where the relief for which the judgment is confessed is within the jurisdiction of this court, provided, with reference to paragraph one of subdivision (a) of said section, that the affidavit specify that the defendant is a resident of a district of this court or, if he is not such a resident, that entry is authorized in this court, designating the district. If such additional requirements are fulfilled, the words ‘clerk of the county’ as used in subdivision (b) of said section shall be deemed a reference to the clerk of this court in the district specified, and the judgment confessed shall be entered in this court and shall be enforcible in the same manner and with the same effect as a judgment in an action in this court.”
In applying these statutes to the affidavit and confession at bar, it is clear that the affidavit executed by the defendant does not conform with CPLR 3218 (a) and UDCA 1403 and is void as a matter of law since the affidavit does not state (1) the county in which the defendant resides, (2) the particular district of the District Court in which the defendant resides, (3) the particular district of the District Court that is designated for the entry of judgment, and (4) the county in which the affidavit was executed (see Irons v Roberts, supra; Fabrizio, Radmin, Buksbaum & Co. v Giordano, supra). In addition, the confession of judgment far exceeded the amount that the defendant was purportedly liable for (CPLR 3218 [c]).
More importantly, however, once the bail bond for Yvette Brown was exonerated by the Queens County Criminal Court Judge and the collateral returned to the defendant by the plaintiff, the affidavit and confession of judgment, and by implication the indemnity agreement executed by the defendant, lost their vitality and ceased to have any legal effect against the defendant (see Irons v Roberts at 685; Rae v Kestenberg, supra; Hynes v Skarvelis, 6 Misc 3d 1038[A], 2005 NY Slip Op 50332[U] [Sup Ct, Kings County 2005]).
*290 Furthermore, attorney Sturim’s reliance on and construction of, the quoted language in the agreement of indemnity totally lacked merit since (1) the bond no longer existed, (2) the judgment entered against the plaintiff surety was not “in connection with such bond” (agreement of indemnity para second), but instead was based upon the mistaken “forfeiture” of a bail bond which no longer existed, and (3) any ambiguity in the clause of the indemnity agreement which permits the recovery of attorney fees and expenses “to vacate any judgment entered against the principal or the company in connection with such bond” must be strictly construed against the drafter, the plaintiff surety (see Irons v Roberts at 685 [emphasis added]; see also Hooper Assoc, v AGS Computers, 74 NY2d 487, 491 [1989]; Mejia v Trustees of Net Realty Holding Trust, 304 AD2d 627, 628 [2003]).
Accordingly, based upon the foregoing legal analysis and statement of admitted facts by the plaintiff surety company and its attorney Allan Sturim, the defendant’s motion is granted and the judgment entered on July 9, 2007 against defendant is vacated.