■ MICHELINE BIENISH, Appellant, v REGENCY CLUB AT WALLKILL, LLC, Respondent. [942 NYS2d 884]—

In an action, inter alia, to rescind a repayment agreement, the plaintiff appeals from an order of the Supreme Court, Orange County (Ritter, J.), dated September 20, 2010, which, among other things, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a former manager of the defendant apartment complex, entered into a repayment agreement, in which she admitted that certain funds belonging to the defendant were not properly deposited into the defendant's account, and agreed to repay those funds. The plaintiff also executed, in accordance with the agreement, an affidavit of confession of judgment, upon which the defendant subsequently entered judgment by confession against her. The plaintiff thereafter commenced this action, inter alia, to rescind the repayment agreement, to vacate the judgment by confession, and to recover damages for breach of contract.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendant submitted evidence that the judgment by confession was properly entered in accordance with the terms of the repayment agreement. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, since the repayment agreement provided that a judgment could be entered by the defendant, upon the plaintiff's affidavit of confession of judgment, "at any time," the defendant's entry of judgment was not premature or unauthorized (cf. Rae v Kestenberg, 23 AD2d 565 [1965], affd 16 NY2d 1023 [1965]).

The defendant further demonstrated, prima facie, that it did not breach any employment agreement with the plaintiff, and that the plaintiff was not denied adequate and reasonable access to its books and records, such that the defendant did not breach the repayment agreement or procure that agreement by fraud (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Dillon, Eng and Austin, JJ., concur.