■ BUFKOR, INCORPORATED, Appellant-Respondent, v. WASSON & FRIED, INC., Respondent-Appellant.— Order unanimously modified in accordance with the Memorandum herein and as so modified affirmed, without costs. Memorandum: The order appealed from granted defendant's motion to vacate a judgment against it entered upon its confession and plaintiff's affidavit. Plaintiff's action which sought to enjoin defendant from publishing and distributing catalogs containing reproductions and copies of items printed in plaintiff's catalogs was settled by an agreement in which defendant agreed not to thereafter copy plaintiff's catalogs and to submit proofs of its 1968 catalog to plaintiff before publication. Plaintiff agreed to notify defendant of any claimed violations therein within 10 days. Defendant violated the agreement by printing and distributing the 1968 catalog without having first submitted proofs thereof to plaintiff and plaintiff claims that such catalog contained 32 violations, by defendant, of its agreement not to copy items in plaintiff's catalogs. The settlement agreement provided that plaintiff would be entitled to liquidated damages of $500 for each violation and that defendant would confess judgment so that plaintiff would be entitled to enter judgment for such liquidated damages. Defendant's president executed an affidavit of judgment by confession of $500 for each violation and authorized plaintiff to enter judgment against defendant and agreed that the fact of violation of the agreement could be proven by an affidavit of an officer of plaintiff. The judgment which has been vacated by the order herein was entered on the confession of judgment and the affidavit of plaintiff's treasurer which specified by caption and page number each of the 32 claimed violations contained in defendant's 1968 catalog. Although the papers on which the judgment was entered complied in all respects with the requirements of the settlement agreement, Special Term vacated the judgment on the ground that defendant by agreeing that the amount of the judgment should be determined unilaterally by plaintiff had put itself in a position where it is subject to oppression and fraud without recourse of any kind. We do

not agree with Special Term's conclusion that the agreement leaves defendant without recourse from a judgment based on a false affidavit. Defendant alleges that its catalog contained no material which violated its agreement whereas plaintiff alleges that there were 32 violations therein. The issue thus presented should not be resolved upon affidavits but should be determined upon a plenary trial (*Smith* v. *Kent*, 259 App. Div. 117; *Yonkers Factors* v. *Pugach*, 13 A D 2d 785; *McCabe* v. *Alboro Excavating Co.*, 31 Misc 2d 721; *Luboch* v. *Sidey's, Inc.*, 35 Misc 2d 410). The order should therefore be modified by deleting the first three decretal paragraphs thereof and substituting in place thereof the following provision: "Ordered that defendant's motion to set aside and vacate the judgment entered against defendant by plaintiff on January 7, 1969 be denied without costs and without prejudice to the maintenance of a plenary action to vacate the judgment and without prejudice to raising the issue by answer or counterclaim in any action prosecuted by plaintiff." (Appeals from order of Erie Special Term setting aside judgment and vacating execution.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.