■ JOSEPHINE WATNER, Appellant-Respondent, v P & C FOOD MARKETS, INC., Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this action for breach of a lease covenant of repair, the court erred in denying plaintiff's motion for leave to amend her complaint to assert a cause of action for waste. A tenant has an implied obligation to refrain from affirmative acts of waste and to make "tenantable" repairs to avoid permissive waste of the leasehold (see, Suydam v Jackson, 54 NY 450; Marcy v City of Syracuse, 199 App Div 246, 255-256; see generally, 34 NY Jur, Landlord and Tenant, § 479; 17 Carmody-Wait 2d, NY Prac

§ 107:8). Since a covenant to repair includes and is construed in light of the tenant's common-law obligation to repair *(see, Marcy v City of Syracuse, supra,* at 256), we see no incompatibility between claims alleging waste and breach of a lease covenant to repair. In any event, plaintiff is entitled to assert an alternative claim for waste where, as here, defendant denies that plaintiff has succeeded to rights under the lease. A claim for waste sounds in tort and may be brought by one, such as a reversioner or remainderman, who is not in a landlord-tenant relationship with the defendant and whose rights do not depend upon a lease (RPAPL 801, 811, 831; *see generally,* 17 Carmody-Wait 2d, NY Prac §§ 107:5, 107:12, 107:20; 63 NY Jur, Waste, §§ 10-24 [rev ed]). Thus, plaintiff might be able to recover for waste even if she fails to prove that she has an interest under the lease. In view of the liberal policy of the CPLR to permit pleading of inconsistent and alternative claims *(see,* CPLR 3014), plaintiff should be permitted to assert a cause of action for waste *(Ribner v Babyatsky,* 103 NYS2d 599, 601-602). We express no opinion whether plaintiff may recover for diminution in the value of the premises as a result of defendant's alleged waste, but note that she has not pleaded that measure of damages in her third cause of action. Plaintiff's proposed second cause of action seeking depreciation damages for breach of the lease covenant was properly disallowed *(see, City of New York v Pennsylvania R. R. Co.,* 37 NY2d 298, 301; *Farrell Lines v City of New York,* 30 NY2d 76, 84).

We have considered the contention raised by defendant in its cross appeal and conclude that it is without merit *(see, Tuttle v Grant Co.,* 6 NY2d 754, *revg* 5 AD2d 370). (Appeals from order of Supreme Court, Onondaga County, Murphy, J.—amend complaint.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.