■ RONALD M. SCHECKTER et al., Respondents, v PETER A. RYAN, Appellant.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered January 31, 1989, which denied defendant's motion to vacate a judgment entered by confession, without prejudice to the commencement of a plenary action, unanimously affirmed, without costs.

During the period March 1985 through October 1986, plaintiffs maintained brokerage accounts at Shearson Lehman Brothers which were serviced by defendant. On August 14, 1987 defendant executed an affidavit of confession of judgment in which he admitted that while acting as account representative on plaintiffs' accounts, he made misrepresentations and engaged in unauthorized trading, resulting in losses to the accounts exceeding $260,000, and authorized entry of judgment in that amount plus interest. When defendant failed to make payments under a settlement agreement with the plaintiffs, a judgment by confession was entered against defendant.

In November 1988, defendant moved to vacate the judgment on grounds of fraud and misrepresentation. The IAS court denied the motion, holding that a judgment debtor who seeks to set aside a judgment entered by confession, on grounds of fraud or misconduct, must proceed by plenary action, not by motion. Cases dating back at least 50 years have so held, on grounds that sharply contested issues of fact should not be resolved upon affidavits, but rather by trial in a plenary action. (*Smith v Kent,* 259 App Div 117 [1st Dept 1940]; *Bufkor, Inc. v Wasson & Fried,* 33 AD2d 636 [4th Dept 1969]; *Wilk v Cohen,* 131 AD2d 466 [2d Dept 1987]; *Affenita v Long Indus.,* 133 AD2d 727 [2d Dept 1987]; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3218.09; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3218:16; *but compare,* Siegel, NY Prac § 302, which states, "[U]nder CPLR 5015 [a] [3] a mere motion would seem adequate to the task today.")

We observe that under CPLR 5015 (a) (3) a court which "rendered" a judgment may vacate it upon motion based on fraud or misrepresentation. However, the words "render * * * judgment" refer generally to the pronouncement of the court's judgment on a given state of facts and are "not used with reference to judgments by confession" (Black's Law Dictionary 1460 [4th ed]). In any event, CPLR 5015, even if applicable, provides only that the court *may* relieve a party from a judgment in the circumstances specified. In the light of the numerous factual issues raised, we have concluded that the IAS court properly exercised its discretion in denying the motion, with leave to commence a plenary action to vacate the judgment.* Concur—Kupferman, J. P., Milonas, Asch, Kassal and Smith, JJ.

---

* We are informed that a plenary action has been filed and dismissed pursuant to CPLR 3211. The dismissal is being appealed and, at that point, it will be considered.