■ L.R. DEAN, INC., Appellant-Respondent, v INTERNATIONAL ENERGY RESOURCES, INC., et al., Defendants, and JOHN M. McMILLIN FOUNDATION, INC., Respondent-Appellant. [623 NYS2d 624] —In an action to recover damages for breach of contract, (1) the plaintiff appeals from (a) an order of the Supreme Court, Westchester County (Coppola, J.), entered January 8, 1993, which granted the motion of the defendant John M. McMillin Foundation, Inc., to vacate a judgment by confession entered September 3, 1991, in favor of the plaintiff and against it, and (b) a judgment of the same court, entered February 9, 1993, which, *inter alia,* vacated the judgment by confession, and (2) the defendant John M. McMillin Foundation, Inc., cross-appeals from so much of the order and the judgment as failed to impose sanctions against the plaintiff.

Ordered that the appeal and the cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the judgment by confession is reinstated, and the motion is denied without prejudice to the defendant John M. McMillin Foundation, Inc., to bring a plenary action seeking to set aside an affidavit of confession of judgment and to vacate the judgment by confession entered thereon; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendant John M. McMillin Foundation, Inc.

The appeal and the cross-appeal from the intermediate order must be dismissed as the right of direct appeal therefrom terminated with the entry of the judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal and the cross appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]). The cross appeal from the judgment is dismissed because the defendant John M. McMillin Foundation (hereinafter the Foundation) made no motion for the imposition of sanctions *(see, Barry/Dave/Glenn, Inc. v*

*Salkowitz,* 181 AD2d 754) and neither the order nor the judgment refers to a request for the imposition of sanctions much less denies such relief. In any event, sanctions were unwarranted.

The general rule is that a party seeking to set aside an affidavit of confession of judgment and to vacate a judgment entered thereon must commence a plenary action for that relief *(Malhado v Cordani,* 153 AD2d 673; *Burtner v Burtner,* 144 AD2d 417; *Wilk v Cohen,* 131 AD2d 466; *Bufkor, Inc. v Wasson & Fried,* 33 AD2d 636; *see also, Engster v Passonno,* 202 AD2d 769). This is especially so in a case such as this, where the debtor Foundation has alleged that the defendant Lalone, acting as the executing agent, lacked the authority to bind it as a guarantor of a loan, since sharply contested issues of fact were presented which should not have been resolved upon conflicting affidavits but should have been reserved for trial in a plenary action *(Engster v Passonno, supra; Scheckter v Ryan,* 161 AD2d 344; *Affenita v Long Indus.,* 133 AD2d 727). Contrary to the conclusion of the Supreme Court that the Foundation had demonstrated its entitlement, as a matter of law, to the vacatur of the judgment by confession, our reading of the record persuades us that many genuine triable issues of fact exist as to the authority of the defendant Lalone to act on behalf of the Foundation. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.