(June 24, 2004)

■ SONNY BOY REALTY, INC., Appellant, v CITY OF NEW YORK, Respondent. [780 NYS2d 123]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered August 30, 2002, which, to the extent appealed from as limited by the brief, granted defendant's motion for summary judgment dismissing the cause of action for breach of lease and denied plaintiff's cross motion for summary judgment on that cause of action, modified, on the law, to deny the motion and, except as modified, affirmed, without costs or disbursements.

The lease expressly provided that the "[plaintiff l]andlord shall make all exterior and structural repairs, excluding such repairs necessitated by the negligence of [defendant t]enant and its invitees." While defendant City argues, and the motion court held, that this provision did not impose an affirmative obligation on the City to make structural repairs necessitated by its negligence, the only rational conclusion that can be drawn from the lease's express imposition of an obligation on the part of the landlord is a coexistent obligation on the part of the tenant to make all exterior and structural repairs necessitated by its negligence and the negligence of its invitees.* In this regard, it is noted that there is nothing in the lease that can be read to absolve the City from the obligation to make such repairs. It is also noted that a "certification" executed by the Mayor's office authorizing the Department of General Services, Division of Real Estate Services, to lease the premises recited that "[u]nless caused by the Tenant's negligence or acts, the Landlord

---

* The lease also provided that "[u]pon the expiration or other termination of the term of this lease, [t]enant shall quit and surrender the [d]emised [p]remises in good order and condition with ordinary wear and tear, and damage by the elements, including fire or other casualty, excepted."

shall make exterior and structural repairs." In light of these provisions, the Supreme Court's conclusion that the lease provision "does not . . . delineate any obligation of the tenant[;] it expresses the limit of the landlord's obligation to make structural repairs" defies common sense and logic. Since the leased premises, which were used as a group home for children, were undisputedly damaged by a fire started by one of its residents, the allegation in the complaint that the City was negligent, inter alia, in the supervision of the home's residents and training of supervisory staff is a sufficient predicate for the City's liability. Accordingly, the City's motion to dismiss should have been denied.

The dissent's reliance on *City of New York v P.A. Bldg. Co.* (284 AD2d 225 [2001]) is misplaced. In that case, the Court held that even though the tenant's utilization of the building's roof may have contributed to the roof's deterioration, there was no provision in the lease mandating that the City pay for any part of the replacement of the building's roof "and there is no basis for reading anything into the lease provisions that is not expressly stated therein." (*Id.*) Here, in contrast, the language of the lease, amplified by the mayoral certification, plainly provides a basis for reading into the lease an obligation on the City's part to pay for repairs necessitated by the City's negligence.

Plaintiff's motion for summary judgment, which preceded joinder of issue, was properly denied. "A motion for summary judgment may not be made before issue is joined (CPLR 3212 [a]) and the requirement is strictly adhered to" (*City of Rochester v Chiarella,* 65 NY2d 92, 101 [1985]; *St. Paul Fire & Mar. Ins. Co. v York Claims Serv.,* 308 AD2d 347 [2003]). Moreover, on this record, a question of fact as to the City's negligence is presented.

Finally, it is of no moment that the City was never served with a notice of claim since the cause of action arises out of a purported breach of contract. Concur—Saxe, Sullivan and Ellerin, JJ.

Buckley, P.J., and Tom, J., dissent in part in a memorandum by Buckley, P.J., as follows: I would find that the motion court correctly held that neither article 13 of the lease nor the Mayor's resolution authorizing the lease placed any kind of affirmative obligation on the tenant to make structural repairs necessitated by its alleged negligence, but merely relieved the landlord from having to make such repairs. No basis exists for reading anything into these documents not expressly stated therein (*see City of New York v P.A. Bldg. Co.,* 284 AD2d 225 [2001]). The

landlord's claim that the tenant was under a duty to act with due care and prevent waste sounds in tort (*see Watner v P & C Food Mkts.*, 138 AD2d 959, 960 [1988]), and may not be entertained, since the tenant, the City of New York, was never served with a notice of claim.