■ COOLIDGE EQUITIES LTD., Appellant, v FALLS COURT PROPERTIES COMPANY, Respondent. [845 NYS2d 645]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered February 28, 2006. The order, inter alia, determined that plaintiff was in default on a contract of sale, awarded defendant the deposit held in escrow, vacated the notice of pendency filed by plaintiff, and dismissed the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion, vacating the second and fifth ordering paragraphs and reinstating the notice of pendency and the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff entered into a contract with defendant for the purchase of certain properties and thereafter commenced this action seeking, inter alia, to enjoin defendant from enforcing its "time of the essence" letter based on its failure to fulfill various of its obligations under the contract and to enjoin defendant from proceeding with the closings on the properties with purchasers other than plaintiff. Supreme Court erred in granting defendant's cross motion for an order determining that plaintiff was in default with respect to the parties' contract, awarding defendant the $100,000 deposit held in escrow, based upon plaintiff's default, vacating the notice of pendency filed by plaintiff, and dismissing the complaint, and we therefore modify the order accordingly. Contrary to the contention of defendant, its cross motion sought relief in the nature of summary judgment. " 'A motion for summary judgment may not be made before issue is joined . . . and the requirement is strictly adhered to' " (Ward v Guardian Indus. Corp., 17 AD3d 1100, 1101 [2005], quoting City of Rochester v Chiarella, 65 NY2d 92, 101 [1985]; see CPLR 3212 [a]), and there is no indication in the record that the court and the parties proceeded pursuant to the exception to that requirement set forth in CPLR 3211 (c). It is undisputed that defendant did not file or serve an answer in this action, and thus issue was never joined. Defendant's pre-answer cross motion was therefore premature and should have been denied. Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.