◼ Marco Julio Enriquez, Respondent, v Home Lawn Care and Landscaping, Inc., et al., Appellants, et al., Defendants. [854 NYS2d 410]—

Contrary to the contention of the defendant James Egloff, the Supreme Court properly granted the plaintiff's motion for leave to amend the complaint to add him to the action as a party defendant, since the plaintiff alleged facts which, if proven true, could subject Egloff to personal liability for the plaintiff's injuries (*see generally* CPLR 1001 [a]; *City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]; *Bay Ridge Lbr. Co. v Groenendaal*, 175 AD2d 94 [1991]).

Similarly, the court properly denied that branch of Egloff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action. Assuming the truth of the allegations and construing them liberally in favor of the plaintiff (*see Nonnon v City of New York*, 9 NY3d 825 [2007]; *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Palo v Cronin & Byczek, LLP*, 43 AD3d 1127 [2007]), the complaint adequately states a cause of action against Egloff in his individual capacity.

Finally, that branch of Egloff's motion which was for summary judgment dismissing the complaint insofar as asserted against him was properly denied as premature, since the motion was made prior to the joinder of issue by Egloff (*see* CPLR 3212 [a]; *City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]; *Sonny Boy Realty, Inc. v City of New York*, 8 AD3d 171 [2004], *affd* 4 NY3d 858 [2005]; *Chakir v Dime Sav. Bank of N.Y.*, 234 AD2d 577, 578 [1996]). Miller, J.P., Covello, Eng and Chambers, JJ., concur.