■ Valeriya Tolpygina, Respondent, v Diana Teper, Respondent, and Steven Boym et al., Appellants, et al., Defendants. [880 NYS2d 326]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Steven Boym and Boym Chiropractic, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 13, 2007, as denied their motion pursuant to CPLR 3211 (a) (5), (7) and (8), to dismiss the fourth and fifth causes of action, and the sixth and seventh causes of action insofar as asserted against them, as time-barred and for failure to state a cause of action, and on the ground of lack of jurisdiction, and to dismiss all cross claims insofar as asserted against them or, in the alternative, pursuant to CPLR 3211 (c) and 3212 for summary judgment dismissing the fourth and fifth causes of action, and the sixth and seventh causes of action insofar as asserted against them, and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court correctly determined that the causes of action which were the subject of that branch of the appellants' motion which was to dismiss pursuant to CPLR 3211 (a) (5), or, in the alternative, for summary judgment, had been the subject of a previous cross motion for identical relief. While the cross motion was made before issue was joined (see CPLR 3212 [a]; *City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]; *Enriquez v Home Lawn Care & Landscaping, Inc.*, 49 AD3d 496, 497 [2008]; *Coolidge Equities Ltd. v Falls Ct. Props. Co.*, 45 AD3d 1289 [2007]), the plaintiff was clearly placed on notice that the cross motion sought relief pursuant to CPLR 3212 (see *Mancuso v Rubin*, 52 AD3d 580, 582 [2008]). The affidavit of the defendant Steven Boym in support of the cross motion clearly referred to the cross motion as one seeking relief pursuant to CPLR 3212. The plaintiff submitted papers in opposition to the cross motion. The Supreme Court, in denying the cross motion, referred to it as a cross motion for summary judgment. Under these circumstances, the parties deliberately charted a summary judgment course (*id.*; see *Feitner v Town of Smithtown*, 23 AD3d 431, 432 [2005]). As the appellants had previously cross-moved seeking relief pursuant to CPLR 3212, contrary to their contention, that branch of their motion which was for summary judgment dismissing the stated causes of action insofar as asserted against them "violated the general proscription against

successive summary judgment motions absent 'a showing of newly discovered evidence or other sufficient cause' " (*Lapadula v Sang Shing Kwok*, 304 AD2d 798, 798 [2003], quoting *Marine Midland Bank v Fisher*, 85 AD2d 905, 906 [1981]; *see Davidson Metals Corp. v Marlo Dev. Co.*, 262 AD2d 599 [1999]). No sufficient showing of newly discovered evidence or other sufficient cause was made here.

The Supreme Court also correctly denied that branch of the appellants' motion which was to dismiss the stated causes of action pursuant to CPLR 3211 (a) (7) (*see Nonnon v City of New York*, 9 NY3d 825 [2007]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Enriquez v Home Lawn Care & Landscaping, Inc.*, 49 AD3d at 497; *cf. Mancuso v Rubin*, 52 AD3d at 583).

The parties' remaining contentions are without merit. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.