Marcelle Graham and Another, Infants, by Their Mother and Natural Guardian, Bashanie Dawes, et al., Respondents, v City of New York et al., Appellants. [24 NYS3d 754]——

In an action, inter alia, to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated October 2, 2013, as denied that branch of their cross motion which was for summary judgment dismissing the cause of action alleging negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging negligence is granted.

On August 24, 2002, the plaintiff Bashanie Dawes went to a police precinct station house in Brooklyn and made a complaint against her husband for violating an order of protection. As a result, her husband was arrested. Two days later, upon learning that her husband had been released, Dawes returned to the station house and requested a police escort to accompany her and her children to her apartment. She explained that her husband had been released from jail and she "was afraid for [her] life." She was told that "all the cars were out and the best thing for [her] to do was to go home and if he showed up or called . . . to call 911 because they would get to [her] faster." Dawes waited about 30 minutes at the station house and was given the same response by two other police officers. At approximately 9:00 p.m., Dawes returned to her apartment and was attacked by her husband, who was in the apartment waiting for her. Dawes' friend was present and telephoned 911. The police responded to the location and shot and killed the husband while he was attacking Dawes with a knife.

Thereafter, Dawes, on behalf of herself and her two minor children, commenced this action against the City of New York and the New York City Police Department to recover damages for negligence, wrongful death of the husband, and negligent training, supervision, and control. In 2006, the defendants moved for summary judgment dismissing the complaint. By

order dated February 26, 2007, the Supreme Court directed the dismissal of all of the causes of action, except the cause of action alleging negligence. In 2012, the plaintiffs moved, among other things, to strike the defendants' answer on the ground of spoliation of evidence. The defendants then cross-moved, inter alia, for summary judgment dismissing the remaining cause of action. The court, by order dated October 2, 2013, denied the motion and the cross motion. The defendants appeal from so much of that order as denied that branch of their cross motion which was for summary judgment dismissing the cause of action alleging negligence.

That branch of the defendants' cross motion which was for summary judgment should have been granted. Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts (*see Fuller v Nesbitt*, 116 AD3d 999, 1000 [2014]).

Generally, "a municipality may not be held liable to a person injured by the breach of a duty owed to the general public, such as a duty to provide police protection" (*Etienne v New York City Police Dept.*, 37 AD3d 647, 649 [2007]). When a cause of action alleging negligence is asserted against a municipality, and the municipality is exercising a governmental function, the plaintiff must first demonstrate that the municipality owed a special duty to the injured person (*see Valdez v City of New York*, 18 NY3d 69, 75 [2011]). A special duty is "a duty to exercise reasonable care toward the plaintiff," and "is born of a special relationship between the plaintiff and the governmental entity" (*Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]). The elements required to establish a special relationship are: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the police did not assume an affirmative duty to act on Dawes' behalf (*see Valdez v City of New York*, 18 NY3d 69 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Contrary to the plaintiffs' contention (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]), that branch of the defendants' cross motion which was for summary judgment was timely (*see* CPLR 3212 [a]; *Vazquez v Flesor*, 128 AD3d 808 [2015]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging negligence.

The plaintiffs' contention that the Supreme Court erred in denying their motion to impose sanctions is not properly before this Court (*see Chunnulal v Rosen*, 56 AD3d 409 [2008]). Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.