■ Kolel Damsek Eliezer, Inc., Respondent, v Victor Schlesinger, as Administrator of the Estate of Miklos Schlesinger, Also Known as Yitzhak Schlesinger and Another, Deceased, et al., Appellants, et al., Defendants. [33 NYS3d 284]—

In an action pursuant to RPAPL article 15 to quiet title to certain real property, the defendants Victor Schlesinger, as representative/administrator of the goods and chattels of Miklos Schlesinger, also known as Yitzchak Schlesinger, also known as Jack Schlesinger, and Eva Schlesinger, as beneficiary and as administratrix of the estate of Miklos Schlesinger, also known as Yitzchak Schlesinger, also known as Jack Schlesinger, appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Silber, J.), dated December 19, 2013, which, inter alia, granted the plaintiff's motion for summary judgment on the complaint, struck their answer, extinguished their claims to the subject property, awarded the plaintiff immediate and exclusive possession thereof, and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is affirmed, with costs.

Generally, successive motions for summary judgment are not permitted (*see Graham v City of New York*, 136 AD3d 747 [2016]). A court may, however, properly entertain such a motion "when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts" (*id.* at 748; *see Landmark Capital Invs., Inc. v Li-Shan Wang*, 94 AD3d 418, 419 [2012]; *Town of Angelica v Smith*, 89 AD3d 1547, 1549 [2011]). Here, the Supreme Court did not improvidently exercise its discretion in entertaining the plaintiff's motion (*see Rosenbaum v City of New York*, 5 AD3d 154 [2004]).

The plaintiff established its prima facie entitlement to judgment as a matter of law. The appellants' interest in the property resulted from an arbitration proceeding to which Nathan Schlesinger, also known as Naftoli Schlesinger, also known as Nat Schlesinger (hereinafter Nathan Schlesinger), was a party (*see Kolel Damsek Eliezer, Inc. v Schlesinger*, 90 AD3d 851 [2011]). By submitting evidence in admissible form that it was not in privity with Nathan Schlesinger, the plaintiff established, prima facie, that it was not collaterally estopped from contesting the appellants' ownership interest in the subject property. Moreover, the plaintiff submitted evidence demonstrating that it was the sole record owner of the subject property. In opposition, the appellants failed to demonstrate the existence of a triable issue of fact as to the applicability of collateral estoppel or as to the plaintiff's ownership of the property (*see Emanuel v MMI Mech., Inc.*, 131 AD3d 1002, 1003 [2015]).

The appellants' remaining contentions are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint, and properly denied the appellants' cross motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.