Midtown Acquisitions L.P. v Essar Global Fund Ltd. (2018 NY Slip Op 04680)





Midtown Acquisitions L.P. v Essar Global Fund Ltd.


2018 NY Slip Op 04680


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


157086/16 6986A 6986

[*1] Midtown Acquisitions L.P., Plaintiff-Respondent, Barclays Bank PLC, et al., Plaintiffs,
v
Essar Global Fund Limited, Defendant-Appellant.


Meister Seelig & Fein LLP, New York (Stephen B. Meister of counsel), for appellant.
Friedman Kaplan Seiler & Adelman LLP, New York (Daniel B. Rapport of counsel), for respondent.



Orders, Supreme Court, New York County (Margaret A. Chan), entered May 18, 2017, which, to the extent appealed from as limited by the briefs, denied defendant's motions to vacate a judgment by confession pursuant to CPLR 5015(a)(3) and CPLR 3218, unanimously affirmed, with costs.
Defendant's motion to vacate the judgment by confession pursuant to CPLR 5015(a)(3) based on fraud was properly denied because issues of fact exist that must be resolved by trial in a plenary action rather than by motion (see Scheckter v Ryan , 161 AD2d 344 [1st Dept 1990]; Affenita v Long Indus. , 133 AD2d 727 [2d Dept 1987]). Even assuming that the filing of the confession of judgment was conditioned on defendant's default, the parties dispute whether such a default occurred, i.e., whether defendant had repaid $40 million or $50 million under the governing term sheet by the time of the filing of the confession of judgment. This issue cannot be resolved on the motion papers.
Although defendant's CPLR 3218 motion was not duplicative of the CPLR 5015 motion, it was properly dismissed on the same ground, namely, that a plenary action is required.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK