Verizon N.Y., Inc. v Supervisors of Town of N. Hempstead (2019 NY Slip Op 00925)





Verizon N.Y., Inc. v Supervisors of Town of N. Hempstead


2019 NY Slip Op 00925


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2015-08548
 (Index No. 8117/09)

[*1]Verizon New York, Inc., etc., plaintiff, 
v
Supervisors of Town of North Hempstead, et al., defendants third-party plaintiffs-respondents; County of Nassau, et al., third-party defendants-appellants.


Rivkin Radler, LLP, Uniondale, NY (William M. Savino, Stephen J. Smirti, Jr., M. Paul Gorfinkel, and Frank M. Misiti of counsel), for third-party defendants-appellants.
Jaspan Schlesinger, LLP, Garden City, NY (Maureen T. Liccione and Andrew Mahoney of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In a consolidated action, inter alia, for a judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain "mass" properties owned by the plaintiff is illegal and void, the third-party defendants appeal from a judgment of the Supreme Court, Nassau County (Anthony F. Marano, J.), entered June 25, 2015. The judgment, insofar as appealed from, is in favor of the defendants third-party plaintiffs and against the third-party defendants in the principal sum of $1,550,174.15.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2005, the Court of Appeals determined that the County of Nassau, on behalf of its towns and their ancillary bodies, could not impose special ad valorem levies for garbage service on utility mass property (see New York Tel. Co. v Supervisor of Town of Oyster Bay 4 NY3d 387, 392-395). Thereafter, the plaintiff, Verizon New York, Inc. (hereinafter Verizon), commenced 10 related actions seeking refunds of the levies for the tax years 2003 to 2012 from the defendants, the Town of North Hempstead and various ancillary bodies thereof (hereinafter collectively the Town). The Town thereafter commenced third-party actions against the County of Nassau and its Board of Assessors, Board of Assessment Review, Assessment Review Commission and Assessor (hereinafter collectively the County) seeking indemnification pursuant to Nassau County Administrative Code § 6-26.0(b)(3)(c) (hereinafter the County guaranty). The actions were subsequently consolidated.
In an order dated August 16, 2013, the Supreme Court, inter alia, granted that branch of Verizon's motion which was for summary judgment declaring that the imposition of special ad valorem levies for garbage and refuse collection services against certain mass properties owned by Verizon is illegal and void. The court further concluded that, since the County was ultimately responsible for the refund of the ad valorem levies, the County should be required to pay the refund directly to Verizon rather than reimbursing the Town. Thereafter, in related litigation, this Court held that the Town must pay refunds to taxpayers directly and seek reimbursement from the County [*2](see New York Tel. Co. v Supervisor of Town of Hempstead, 115 AD3d 821, 824; New York Tel. Co. v Supervisor of Town of Hempstead, 115 AD3d 824, 827-828). Based upon this Court's determination, Verizon moved, in effect, for leave to renew that branch of its prior motion for summary judgment which was to direct the Town to refund Verizon for the ad valorem levies Verizon had paid. In an order dated July 22, 2014, the Supreme Court, inter alia, granted the motion and, upon renewal, held the Town directly liable for such payments and directed the County to indemnify the Town. Verizon and the Town each submitted proposed judgments, both of which the County opposed on the ground that Verizon was not entitled to prejudgment interest on the refunds due to it. Verizon and the Town thereafter settled the main action.
On November 14, 2014, the County moved, in effect, pursuant to CPLR 2221(e) for leave to renew its opposition to that branch of Verizon's motion which was for leave to renew. In that same motion, the County also sought summary judgment dismissing Verizon's complaint on the ground that the order directed the County to act in a manner prohibited by the New York State Constitution. On January 29, 2015, while the November 14, 2014, motion was pending, the County made a second motion for summary judgment dismissing Verizon's complaint.
In two orders, both entered June 25, 2015, the Supreme Court denied both of the County's motions, respectively. On the same date, the court entered a judgment in favor of the Town and against the County in the principal sum of $1,550,174.15, which represented the principal and prejudgment interest paid by the Town to Verizon. The County appeals from the judgment, which brings up for review the orders entered June 25, 2015, as well as the County's arguments in opposition to the proposed judgments in the main action.
A party seeking renewal pursuant to CPLR 2221(e) must point to "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]; see Buongiovanni v Hasin, 162 AD3d 736, 738). "The new or additional facts presented either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion'" (Hernandez v Nwaishienyi, 148 AD3d 684, 687, quoting Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; see Buongiovanni v Hasin, 162 AD3d at 738; Armstrong v Armstrong, 162 AD3d 621, 622). " The Supreme Court has discretion in determining what constitutes a reasonable justification for a party's failure to present certain facts initially'" (Buongiovanni v Hasin, 162 AD3d at 738, quoting Martelloni v Martelloni, 154 AD3d 924, 926). Nevertheless, renewal " is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (JPMorgan Chase Bank, N.A v Novis, 157 AD3d 776, 777, quoting Jovanovic v Jovanovic, 96 AD3d 1019, 1020). Accordingly, " the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion'" (Hernandez v Nwaishienyi, 148 AD3D at 687, quoting Jovanovic v Jovanovic, 96 AD3d at 1020; see Assevero v Rihan, 144 AD3d 1061, 1062; Cioffi v S.M. Foods, Inc., 142 AD3d 526, 530).
Here, the County failed to proffer any new evidence that would support renewal under CPLR 2221(e). To the contrary, the County's November 14, 2014, motion was premised on the contention that any order or judgment directing it to reimburse the Town for refunds of special ad valorem levies would violate article VIII, section 1, of the New York State Constitution (known as the "gift and loan clause"). As this is a purely legal argument not raised in opposition to the motions decided by the order dated July 22, 2014, we agree with the Supreme Court's denial of that branch of the County's motion which was, in effect, for leave to renew.
In any event, the County's argument that reimbursement of the Town for refunds of special ad valorem levies would violate the gift and loan clause of the New York State Constitution is without merit. The gift and loan clause of the New York State Constitution provides, inter alia, that "No county . . . shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking" (NY Const, art VIII § 1; see generally Gaynor v Marohn, 268 NY 417, 428). Thus, "a municipality may expend its funds only to meet its lawful obligations incurred as a result of the performance of its governmental functions" (Corning v Village of Laurel Hollow, 48 NY2d 348, 353). However, "[p]ayment of public moneys as damages for [*3]breach of a contractual obligation on the part of the State or a municipality is not within the constitutional prohibition forbidding donations from the public purse. While the Constitution requires that there be a legal obligation on the part of the State or municipality before public funds can be paid to individuals, such a legal obligation may be either statutory or contractual" (Piro v Bowen, 76 AD2d 392, 398 [internal citations omitted]; see Ingram v Boone, 91 AD2d 1063, 1064). Because reimbursement of the Town is a statutory duty (see Piro v Bowen, 76 AD2d at 398) and a "lawful obligation" resulting from the County's "performance of its governmental function[ ]" of taxation (Corning v Village of Laurel Hollow, 48 NY2d at 353), reimbursement pursuant to the County guaranty is not prohibited by the gift and loan clause of the New York State Constitution.
Regarding the County's January 29, 2015, motion, the Town correctly asserts that, "[g]enerally, successive motions for summary judgment are not permitted" (Kolel Damsek Eliezer, Inc. v Schlesinger, 139 AD3d 810, 811; see Burbige v Sieben & Ferber, 152 AD3d 641, 642; Graham v City of New York, 136 AD3d 747, 748; Tolpygina v Teper, 63 AD3d 722, 722-723). "A court may, however, properly entertain such a motion when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts'" (Kolel Damsek Eliezer, Inc. v Schlesinger, 139 AD3d at 811, quoting Graham v City of New York, 136 AD3d at 748; see Vinar v Litman, 110 AD3d 867, 868). Such a showing may be demonstrated by newly-discovered evidence or other good cause (see Burbige v Sieben & Ferber, 152 AD3d at 642; Tolpygina v Teper, 63 AD3d at 722-723).
Here, we agree with the Supreme Court's determination denying the County's January 29, 2015, motion for summary judgment dismissing Verizon's complaint on the ground that Verizon's complaint should have been based upon RPTL article 7. In support of this motion, the County again advanced a purely legal argument that was not based on any new evidence and failed to provide any viable explanation or good cause as to why this argument could not have been included in its November 14, 2014, motion for summary judgment. In any event, since Verizon challenged the imposition of special ad valorem garbage levies on its mass property on the basis that the tax was " wholly inapplicable'" to its property, Verizon properly sought relief in a plenary action (Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315, 321, quoting Matter of First Natl. City Bank v City of N.Y. Fin. Admin., 36 NY2d 87, 92; see New York Tel. Co. Supervisor of Town of Oyster Bay, 4 NY3d 387, 395 n 7; Niagara Mohawk Power Corp. v City School Dist. of City of Troy, 59 NY2d 262, 268; Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 34; City of Rochester v Chiarella, 98 AD2d 8, 12, affd 63 NY2d 557).
Under the circumstances of this case, and contrary to the County's contention, there is no basis to disturb that portion of the judgment directing the County to reimburse the Town for prejudgment interest paid to Verizon (see generally New York Tel. Co. v Supervisor of Town of Oyster Bay, 4 NY3d at 391-395; New York Tel. Co. v Supervisor of Town of N. Hempstead, 77 AD3d 121, 123-132; New York Tel. Co. v Supervisor of Town of N. Hempstead, 19 AD3d 465, 466; New York Tel. Co. v Supervisor of Town of Oyster Bay, 6 AD3d 511, affd 4 NY3d 387).
The County's remaining contentions are without merit.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court