New Y-capp, Inc. v Yellowstone Capital, LLC (2021 NY Slip Op 04809)





New Y-capp, Inc. v Yellowstone Capital, LLC


2021 NY Slip Op 04809


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


288 CA 20-00688

[*1]THE NEW Y-CAPP, INC., JONATHAN EUGENE COLEMAN AND DONNA ZEMORIA PIERCE-BAYLOR, PLAINTIFFS-RESPONDENTS,
v
YELLOWSTONE CAPITAL, LLC, DEFENDANT-APPELLANT. 






STEIN ADLER DABAH & ZELKOWITZ LLP, NEW YORK CITY (CHRISTOPHER R. MURRAY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE COSGROVE LAW FIRM, BUFFALO (EDWARD C. COSGROVE OF COUNSEL), AND WHITE AND WILLIAMS, NEW YORK CITY, FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Dennis Ward, J.), entered May 11, 2020. The order, insofar as appealed from, granted in part plaintiffs' motion seeking, inter alia, to vacate a judgment by confession. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, plaintiffs' motion is denied in its entirety and the judgment by confession is reinstated nunc pro tunc.
Memorandum: Plaintiffs commenced this action seeking to vacate a judgment by confession and declaratory relief based on, inter alia, allegations of fraud related to defendant's filing of the judgment as well as the underlying merchant cash advance agreement between the parties. Plaintiffs concomitantly moved by order to show cause to enjoin defendant from enforcing the judgment by confession and for vacatur of the same. Defendant opposed plaintiffs' motion and moved, inter alia, to dismiss the complaint on multiple grounds, including the pendency of a federal action between the parties on the same cause of action (CPLR 3211 [a] [4]) and failure to state a cause of action (CPLR 3211 [a] [7]). In the resulting decision and order, Supreme Court granted that part of defendant's motion seeking dismissal of the complaint pursuant to CPLR 3211 (a) (4) to "permit the parties to litigate the subject dispute together with the matters already pending in the [f]ederal [c]ourt action, which makes the most sense for the sake of judicial economy." The court expressly declined to address the merits of plaintiffs' allegations regarding either "[d]efendant's filing of the previously executed confession of judgment" or "the legal issues as to the parties' underlying agreement" raised in plaintiffs' motion and complaint. Nonetheless, the court, inter alia, granted plaintiffs' motion insofar as it sought vacatur of the judgment by confession, "until such time as those issues . . . can be properly examined" in federal court, noting that the vacatur was not "a determination by this court that such agreement is illegal, as argued by the [p]laintiff[s]." Defendant appeals.
We note at the outset that defendant is not aggrieved by the order on appeal insofar as it granted that part of its motion seeking dismissal of the complaint pursuant to CPLR 3211 (a) (4), and plaintiffs did not take a cross appeal; therefore, the parties' contentions regarding the sufficiency of plaintiffs' complaint pursuant to CPLR 3211 (a) (7) are not properly before us (see generally CPLR 5511; Matter of McGraw v Town Bd. of Town of Villenova, 186 AD3d 1014, 1016 [4th Dept 2020]; Parker v Town of Alexandria, 163 AD3d 55, 58 [4th Dept 2018]). We agree with defendant, however, that the court effectively granted summary judgment to plaintiffs on the ultimate relief requested by granting plaintiffs' motion insofar as it sought vacatur of the judgment by confession (see Coolidge Equities Ltd. v Falls Ct. Props. Co., 45 AD3d 1289, 1289 [4th Dept 2007]). Inasmuch as plaintiffs did not prevail on the merits of their plenary action (see [*2]generally Scheckter v Ryan, 161 AD2d 344, 345 [1st Dept 1990]; Bufkor, Inc. v Wasson & Fried, 33 AD2d 636, 637 [4th Dept 1969]), that was error.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court