Skyfi Capital Partners, Inc. v 200 MB Corp (2024 NY Slip Op 50061(U))

[*1]

Skyfi Capital Partners, Inc. v 200 MB Corp

2024 NY Slip Op 50061(U)

Decided on January 23, 2024

Supreme Court, Queens County

Maldonado-Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2024
Supreme Court, Queens County

Skyfi Capital Partners, Inc., Plaintiff,

against
200 MB Corp D/B/A JIMMYS 38th NYC and JOSEPH LICUL, Defendants.

Index No. 722909/2021 

Steven W. Wells, Esq., for Plaintiff
Rodney Rudolph Austin, Esq., for the Defendant

Lumarie Maldonado-Cruz, J.

This matter was originally assigned to Part 19 and was reassigned to the undersigned on November 13, 2023.
The following papers numbered EF 6-13, 16, and 17-23 read on this Order to Show Cause by Defendant, Joseph Licul, (hereinafter Mr. Licul) for a preliminary injunction ordering 1) TD Bank to release any levy placed on Mr. Licul's account by the Plaintiff; and 2) the Plaintiff to return any monies it recovered from Mr. Licul's TD Bank account; and 3) for such other and further relief as this court may deem proper under the circumstances. For the reasons that follow, Defendant's Order to Show Cause is denied, with prejudice.
PAPERS NUMBERED
Defendant Licul's Order to Show Cause-Affidavit — Exhibits EF 6-13
Signed Order to Show Cause EF 16
Plaintiff's Affidavit in Opposition — Memorandum of Law — Exhibits EF 17-23
Upon the foregoing papers, it is ordered that Mr. Licul's request for a preliminary injunction is denied for the following reasons:
On March 2, 2020, Plaintiff entered into an agreement (hereinafter "the agreement") with Defendant, 200 MB Corp D/B/A Jimmy's 38th NYC (hereinafter "200 MB Corp"), whereby Plaintiff purchased $265,500.00 of 200 MB Corp's further receivables for $190,000.00.[FN1]
Simultaneously, Mr. Licul signed a Personal Guaranty of Performance, agreeing to be personally responsible for any amount owed to the Plaintiff should 200 MB Corp fail to comply with all of the agreement's contractual terms and responsibilities, subject to the conditions in the Personal Guaranty of Performance.[FN2]
On the same date, Mr. Licul also signed, in the presence of a notary, an Affidavit of Confession of Judgement which, inter alia, authorized the Plaintiff to seek entry of judgment against him in the amount of $265,500.00, less any receivables delivered, and listed [*2]the interest rates agreed upon in the event of the Defendants' default. It also entitled Plaintiff, in the event of the Defendants' default, to attorney's fees and other costs and disbursements.
Initially, 200 MB Corp performed under the agreement. However, pursuant to the Governor of New York's Executive Order on March 16, 2020, closing all indoor dining restaurants due to the COVID 19 pandemic, 200 MB Corp's was forced to close its business and subsequently blocked further payments to the Plaintiff.
On October 4, 2021, Plaintiff filed the previously signed Confession of Judgment, dated March 2, 2020. On October 13, 2021, the Queens County Clerk entered judgment in favor of the Plaintiff and against the Defendants.[FN3]
On March 30, 2022, Mr. Licul filed the instant Order to Show Cause, which Plaintiff later opposed, requesting a preliminary injunction, seeking, essentially, to prevent the Plaintiff from recovering funds pursuant to the Judgement of Confession. On March 31, 2022, Justice Jackman Brown signed the Order to Show Cause and instructed the parties to appear virtually to argue their positions. A written decision was never rendered. The undersigned order the parties to appear on January 17, 2024. The parties then appeared in Part 32 on January 17, 2024, and stated their positions.
On April 25, 2022, Mr. Licul filed a separate action, under Index 708792/2022, for breach of contract against the Plaintiff. In that action, Mr. Licul seeks to vacate the Judgment of Confession entered by the Queens County Clerk's Office on October 13, 2021. This matter is currently pending in Part 37 of the Supreme Court, Queens County, Civil Term.
CPLR § 6301 allows, in part, for the court to issue a preliminary injunction in an action "where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff." Here, Mr. Licul contends that the Court should grant his request for a preliminary injunction, removing any holds placed on his TD Bank account and requiring the Plaintiff to return any monies withdrawn from said account because 1) the Plaintiff breached the agreement prior to the 200 MB Corp's alleged breach because Plaintiff failed to provide the full purchase amount to 200 MB Corp and 2) under Section 3 of the agreement, Plaintiff assumed the risk that 200 MB Corp's business would fail and was not entitled to further payment. Plaintiff opposes Mr. Licul's Order to Show Cause arguing 1) CPLR § 6301 only applies to actions in which a judgment is to be rendered and 2) that the proper channel to vacate a Judgment of Confession is not to file an Order to Show Cause under the same index number as the Judgement of Confession, but rather to file a separate plenary action.
The question presently before this Court, is whether Mr. Licul is entitled to a vacatur of the Confession of Judgment in the form of an Order to Show Cause seeking a preliminary injunction following the Confession of Judgment previously granted and entered on October 13, 2021.
The purpose of an Order to Show Cause is to "preserve the status quo" of an action pending trial. Town of Carmel v. Melchner, 105 AD3d 82, 90 (2nd Dept. 2013); see also Morrow v. Shendell Sec., Inc., 37 AD2d 842 (2nd Dept. 1971).[FN4]
Pursuant to CPLR § 3218(b), at any time [*3]within three years after an affidavit of confession of judgement is executed, the affidavit may be filed, but only with the clerk of the county where the defendant's affidavit stated that the defendant resided when it was executed or the clerk of the county listed in the affidavit. The clerk shall then enter a judgment in the Supreme Court for the sum confessed. CPLR § 3218(b). Furthermore, CPLR§ 3218(a) specifically provides that a Judgment of Confession may be entered without a pending action. In the instant matter, the Plaintiff, without an action pending, purchased an index number, filed the Affidavit of Judgment of Confession on October 4, 2021, and said Judgement was adequately entered by the Queens County Clerk's Office on October 13, 2021, in accordance with CPLR§ 3218.
It is well established that "'a person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief.'" Morocho v. Monterroza, 170 AD3d 710, 711 (2nd Dept. 2019)(quoting Regency Club at Wallkill, LLC v. Bienish, 95 AD3d 879 (2nd Dept. 2012)); see also Malhado v. Cordani, 544 N.Y.S.2d 674, 675, (2nd Dept 1989). This is especially true when there are "sharply contested issues of fact," such as whether a breach of contract occurred. L.R. Dean, Inc. v. International Energy Resource, 213 AD2d 455, 456 (2nd Dept. 1995). Here, to challenge the Judgement of Confession, Mr. Licul was required to file a separate plenary action to vacate said judgement.[FN5]
 
This Court finds that Mr. Licul's filing of an Order to Show Cause for a preliminary injunction following this Court's Clerk's entry of a Confession of Judgement on October 13, 2021, was improper. 
Accordingly, Mr. Licul's Order to Show Cause seeking vacatur of the Judgment of Confession entered against him is denied in its entirety, with prejudice, and any temporary relief previously granted under this index number is hereby vacated.
This constitutes the decision and order of the court.
Dated: January 23, 2024
Hon. LUMARIE MALDONADO-CRUZ, A.J.S.C.

Footnotes

Footnote 1:See Def.'s Exhibit A.

Footnote 2:Id.

Footnote 3:See EF # 5.

Footnote 4:The Morrow court found that "a preliminary injunction should have been granted to "preserv[e] the status quo pending a full trial on the merits." Morrow v. Shendell Sec., Inc., 37 AD2d 842 (2nd Dept. 1971).

Footnote 5:Of note, this Court takes notice that Mr. Licul filed a summons and complaint under Index Number 708792/2022 against the Plaintiff, seeking vacatur of the Confession of Judgment in the instant matter for the Plaintiff's alleged breach of the agreement with him and 200 MB Corp, dated March 2, 2020. As such, the 708792/2022 matter would be better suited to determine whether a breach of the agreement occurred, if so, which party breached first, and if Mr. Licul should be entitled to a preliminary injunction while the case is pending.