Capitalize Group LLC v Empire Core Group LLC (2025 NY Slip Op 51444(U))

[*1]

Capitalize Group LLC v Empire Core Group LLC

2025 NY Slip Op 51444(U)

Decided on September 9, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 9, 2025
Supreme Court, Westchester County

Capitalize Group LLC, Plaintiff,

against
Empire Core Group LLC and FLORIM LAJQI, Defendants.

Index No. 66351/2025

Murray Legal, PLLC
Attorneys for Plaintiff
170 Old Country Rd. Ste 608
Mineola, New York 11501
Dominick Dale, Esq.
Attorney for Defendants
81 Court Street
Brooklyn, NY 11201

Linda S. Jamieson, J.

The following papers numbered 1 to 5 were read on this motion:
Papers Numbered
Order to Show Cause, Affidavit, Affirmation and Exhibits 1
Memorandum of Law 2
Affirmation and Exhibits in Opposition 3
Memorandum of Law in Opposition 4
Reply Affirmation and Exhibits 5
Defendants bring their motion seeking (1) an Order directing the Westchester County Clerk "to make an entry of a partial satisfaction of Judgment" in the amount of $196,996.00 with [*2]respect to the Confession of Judgment dated September 20, 2024 (the "Confession") and filed on June 26, 2025; (2) to vacate the Confession because it was entered without authority and in violation of its terms; (3) a trial; and (4) to dismiss the Confession because it does not set forth a concise statement of facts. 
Some of the relevant facts are uncontested. In September 2024, plaintiff purchased receivables from the corporate defendant in the amount of $375,000, in return for a cash advance of $250,000. The parties entered into a cash advance agreement, guaranteed by the individual defendant.[FN1]
Defendants also gave the Confession to plaintiff. Payments were to be made weekly from defendant's account, in the estimated amount of $15,625. This amount was supposed to fluctuate, depending on defendant's receivables. Defendant had the right to request a reconciliation if it believed that plaintiff had taken too much from its account in receivables.
The parties agree that by June 2025, defendant had paid $196,996 to plaintiff. The parties disagree about the remaining facts. Plaintiff contends that defendant owes it $178,004, and defendants assert that they have overpaid by over $44,000. They claim that they requested reconciliation on multiple occasions, as the agreement provides, yet plaintiff failed to perform the reconciliation. Not surprisingly, plaintiff contends that it was unable to do any reconciliations because defendant failed to give it certain information it needed. Defendants further assert that they are not in default under the parties' agreement, nor does the affidavit accompanying the Confession state that they are.
On this motion, defendants argue that the Confession must be vacated because it is defective on its face; there is no event of default mentioned in the affidavit; there is no event of default at all; the affidavit does not match the Confession; and other issues. The problem with the motion is that it is quite clear that a "party seeking to set aside an affidavit of confession of judgment and to vacate a judgment entered thereon must commence a plenary action for that relief." L.R. Dean, Inc. v. International Energy Resources, Inc., 213 AD2d 455, 456, 623 N.Y.S.2d 624, 625 (2d Dept. 1995). See also Last Chance Funding, Inc. v. Tom Agler Livestock, LLC, 236 AD3d 1006, 1008, 230 N.Y.S.3d 349, 351—52 (2d Dept. 2025) (a "person seeking to vacate a judgment entered upon the filing of an affidavit of confession of judgment must commence a separate plenary action for that relief.").
In an attempt to circumvent this requirement, defendants contend that they are "not disputing the validity of the confession of judgement [sic], dated September 20, 2024 (the 'COJ') or the fact that a plenary action is necessary to challenge the validity of a COJ. Rather, Empire is challenging the filing of the COJ by Capitalize." But by challenging the filing of the Confession, defendants are challenging the facts asserted by plaintiff. This necessitates a plenary action. 
When, as here, there are "sharply contested issues of fact," they cannot be "resolved upon conflicting affidavits but should have been reserved for trial in a plenary action." L.R. Dean, 213 AD2d at 456, 623 N.Y.S.2d at 626. See also Scheckter v. Ryan, 161 AD2d 344, 345, 555 [*3]N.Y.S.2d 99, 99 (1st Dept. 1990) ("sharply contested issues of fact should not be resolved upon affidavits, but rather by trial in a plenary action.").
The Court thus denies the motion in its entirety, without prejudice to the commencement of a plenary action. The Court cautions the parties that the tenor of their interaction must be civil; they are directed to review the Standards of Civility before filing any further papers before the Court.
The foregoing constitutes the decision and order of the Court.[FN2]

Dated: September 9, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1:While not before the Court in light of the outcome, the Court notes that this agreement does not appear to have the hallmarks of a loan (and thus cannot be usurious). True Bus. Funding, LLC v. Guerrero A Constr. Corp., 239 AD3d 787, 788, 236 N.Y.S.3d 679, 680 (2d Dept. 2025) ("The rudimentary element of usury is the existence of a loan or forbearance of money, and where there is no loan, there can be no usury, however unconscionable the contract may be.").

Footnote 2:All other arguments raised, and all materials submitted by the parties in connection therewith, have been considered by this Court, notwithstanding the specific absence of reference thereto.