Lowman v Consolidated Edison Co. of N.Y., Inc. (2026 NY Slip Op 01310)

Lowman v Consolidated Edison Co. of N.Y., Inc.

2026 NY Slip Op 01310

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Renwick, P.J., Kennedy, Friedman, Mendez, Hagler, JJ. 

Index No. 158715/17, 595442/18|Appeal No. 6021, M-519|Case No. 2025-05210|

[*1]Joanne Lowman, Plaintiff-Respondent,
vConsolidated Edison Company of New York, Inc., et al., Defendants-Respondents.

Consolidated Edison Company of New York, Inc., Third-Party Plaintiff-Respondent,
vNelson Services Systems, Inc., Third-Party Defendant-Appellant.

Strikowsky Drachman & Shapiro PLLC, New York (Sim R. Shapiro of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn (Patrick W. Brophy of counsel), for Consolidated Edison Company of New York, Inc., respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about August 13, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant Nelson Services Systems, Inc. (Nelson), to strike or dismiss the third-party complaint pursuant to CPLR 3103 and 3017, for sanctions pursuant to CPLR 8303-a, or for a declaration voiding a confidential letter agreement between defendant/third-party plaintiff Consolidated Edison Company of New York, Inc. (ConEd) and Nelson, unanimously affirmed, without costs.
Supreme Court providently denied Nelson's application to strike or dismiss the third-party complaint. The parties' confidential letter agreement, which Nelson asserts was discussed and signed without counsel in violation of rule 4.2(a) and (b) of the Rules of Professional Conduct (22 NYRR 1200.0), does not contain any privileged information to justify dismissal of the third-party complaint pursuant to CPLR 3103(c) (see Lipin v Bender, 84 NY2d 562 [1994]; Shawe v Elting, 169 AD3d 601, 602 [1st Dept 2019], appeal dismissed and lv denied 33 NY3d 1048 [2019]). While the agreement references the direct action and plaintiff's personal injury claim and preserves Con Ed's indemnification claim against Nelson, that information is not privileged (see Coast to Coast Energy, Inc. v Gasarch, 77 AD3d 589, 589 [1st Dept 2010]).
Alternatively, Nelson seeks to void the confidential letter agreement as executed under duress and unconscionable; however, this relief sought should have been pursued in a plenary action, not by motion, given the "sharply contested issues of fact" (see Scheckter v Ryan, 161 AD2d 344, 345 [1st Dept 1990]).
To the extent Nelson seeks sanctions pursuant to CPLR 8303-a(a), Con Ed's indemnification claim against Nelson cannot be deemed frivolous at this juncture where this court has already found that Nelson failed to procure the necessary insurance in breach of contract (see Lowman v Consolidated Edison Co. of N.Y., Inc.,220 AD3d 510 [1st Dept 2023]).
We have considered the Nelson's remaining arguments and find them unavailing. M-0519 — Lowman v Consolidated Edison Co. of New York, LLC, et al.,
Motion to transfer all documents submitted in camera as part of the Order to Show Cause to the motion court and/or for leave to supplement the record on appeal, granted to the extent of granting leave to supplement the record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026